FISHER, APPELLANT, *v.* CITY OF CLEVELAND, APPELLEE.

(No. 53683—Decided May 9, 1988.)

*Perchick, Lallo & Feldman* and *Nancy L. Gervinski,* for appellant.

*Marilyn G. Zack,* director of law, and *Deborah A. Wenner,* for appellee.

KRUPANSKY, J. Plaintiff-appellant, Diana Fisher, filed a complaint in Cuyahoga County Common Pleas Court against defendant, city of

Cleveland, alleging her employer, the city of Cleveland, committed an intentional tort and further alleging the defendant knew or should have known failure to provide adequate security at plaintiff's place of employment was substantially certain to cause injuries. In addition, the complaint alleges plaintiff was injured at work at the Fairfax Recreation Center when a nineteen-year-old girl struck plaintiff on the head with a board.

Defendant filed a motion for summary judgment and stated the following: (1) its failure to provide additional security at the recreational facility did not constitute an intentional tort; (2) plaintiff's injuries were not the proximate result of any failure to provide security; and (3) defendant's actions involved the exercise of basic executive or planning functions and, therefore, defendant is immune from liability.

Defendant attached an affidavit and supporting evidentiary materials to its summary judgment motion indicating the city of Cleveland had investigated the utilization of several security systems to prevent break-ins and vandalism occurring after hours at the facility. The study resulted in a suggestion of a motion detector alarm system to be utilized after hours. However, based upon budgetary concerns installation of the alarm system was determined to be unfeasible.

Plaintiff's brief in opposition alleges on July 10, 1985, plaintiff was physically threatened with assault by a Stacey Beckwith. Plaintiff's brief further contends plaintiff's supervisor, a Mr. Moore, was present when these threats occurred and Mr. Moore met with a commissioner to discuss the threat. The following day, plaintiff was assaulted by Stacey Beckwith. Plaintiff attached her answers to interrogatories to her brief in opposition to defendant's summary judgment motion. Plaintiff's answer to Interrogatory No. 43, which requested a narrative of all material facts surrounding the event, provides in pertinent part:

"On July 10, 1985 Stacey Bechwith [sic] requested to make up holiday time missed. Plaintiff called Stacey's supervisor and was denied make-up. Plaintiff could not make her [Beckwith] understand that time denial was from supervisor. Stacey was extremely upset and she talked to Mr. Moore. At that time in the presence of Mr. Moore she told Plaintiff that she would assault her. Stacey went after Plaintiff on July 10, 1985 and Moore had to restrain Beckwith. Plaintiff left at 5:00 P.M. Commissioner and Moore met on issue. Moore told Plaintiff to have Beckwith transferred on the 11th of July 1985. She came through building with a 2x2 board. She knocked on the door, Plaintiff opened it and was struck on the head. Ernest came to Plaintiff's aid."

Defendant's summary judgment motion was granted. Judgment was journalized on March 30, 1987. Plaintiff filed a timely notice of appeal assigning the following two errors:

"I. Appellant clearly established that a genuine issue existed as to whether the circumstances at Fairfax Recreational Center and the city's failure to provide security created a climate substantially certain to cause injury to its employee and satisf[ied] the requirements set forth in *Jones* v. *VIP Development* [*Co.*] (1984), 15 Ohio St. 3d 90.

"II. The Ohio Supreme Court decision, *Enghauser Manufacturing Co.* v. *Eriksion* [*sic*] *Engineering, Ltd.* [1983], 6 O[hio] St. 3d 31 * * *, cannot shield a municipal employer from liability for an intentional tort."

Plaintiff's assignments of error lack merit and are overruled.

Civ. R. 56(C) provides in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." See, also, *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47. Furthermore, a reviewing court must view the record on appeal in a light most favorable to the nonmoving party. *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 152, 66 O.O. 2d 311, 312, 309 N.E. 2d 924, 925.

In the case *sub judice* there are no genuine material issues of fact and defendant is entitled to judgment as a matter of law.

It is uncontroverted defendant's decision to not install a security system involved executive and planning functions. Defendant arrived at the decision after studying the viability of security systems *to protect park property* from vandalism and break-ins occurring *after hours.* The alarm systems were considered cost-prohibitive and were not purchased.

"* * * This court does not contemplate that the essential acts of governmental decision-making to be subject of judicial second-guessing or harassment by the actual or potential threat of litigation. The appropriate dividing line falls between those functions which rest on the exercise of judgment and discretion and represent planning and policymaking and those functions which involve the implementation and execution of such governmental policy or planning.
"* * *
"Accordingly, this court holds that no tort action will lie against a municipal corporation for those acts or omissions involving the exercise of a legislative or judicial function, or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * * However, once the policy has been made to engage in a certain activity or function, municipalities will be held liable, the same as private corporations and persons, for the negligence of their employees in the performance of the activities. * * *" (Citations omitted.) *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 35-36, 6 OBR 53, 56-57, 451 N.E. 2d 228, 232.

Plaintiff's argument that *Enghauser, supra,* has been overruled by subsequent court decisions and statutory enactments is unpersuasive. See *Johnson* v. *New London* (1988), 36 Ohio St. 3d 60, 521 N.E. 2d 793. Clearly, in the case *sub judice,* defendant's actions involved the exercise of executive planning and a high degree of official discretion.

Plaintiff's attempt to characterize defendant's action as an intentional tort is unpersuasive. There is no material issue of fact concerning whether defendant knew or should have known defendant's actions were

substantially certain to cause harm to plaintiff.

An "intentional tort" has been judicially defined as

"* * *[A]n intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur. See 1 Restatement of the Law 2d, Torts (1965) 15, Section 8A. *We hereby reject the proposition that a specific intent to injure is necessary to a finding of intentional misconduct.*" (Emphasis added and footnote deleted.) *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 95, 15 OBR 246, 250, 472 N.E. 2d·1046, 1051. This judicial definition has been more restrictively defined by the General Assembly:

"(1) 'Intentional tort' is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.

"* * *

" '*Substantially certain*' *means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death.*" (Emphasis added.) R.C. 4121.80(G).

The more restrictive definition of "intentional tort" as defined in R.C. 4121.80 need not be discussed because the evidence fails to establish the material issue of whether an intentional tort was committed under the less restrictive definition enunciated in *Jones, supra.* Defendant's study of alarm security systems was prompted by after-hours vandalism and theft. Defendant's actions were not predicated on any perceived security problems to employees' health and safety. Furthermore, had defendant implemented the contemplated security measures, they would not have been operable during working hours since they were contemplated to prevent after-hours break-ins and resulting vandalism. Defendant's failure to initiate or implement these security systems was, therefore, not the proximate cause of defendant's injuries which occurred during working hours and were the product of an assault. Additionally, plaintiff's own evidence indicates defendant became aware of a possible problem between plaintiff and her assailant only one day prior to the incident and had already decided to have plaintiff's assailant transferred when the assault occurred. Under the circumstances, defendant could not have implemented a security system within such short notice. Under the circumstances, defendant's actions and inactions were as a matter of law not substantially certain to cause the alleged harm.

Furthermore, plaintiff was the victim of an intentional tort committed not by plaintiff's employer but by Ms. Beckwith, a third party. In construing *Jones* v. *VIP Development Co., supra,* at least one court of appeals has held such intentional acts cannot be imputed to the employer. See *Miller* v. *Reed* (1986), 27 Ohio App. 3d 70, 27 OBR 89, 499 N.E. 2d 919.

Accordingly, there are no material issues of fact upon which reasonable minds can differ and defendant is entitled to judgment as a matter of law. Assignments of error one and two are not well-taken and are overruled.

*Judgment affirmed.*

PRYATEL, P.J., and MATIA, J., concur.