138

Moss et al., Appellants, *v.*
Dept. of Natural Resources et al., Appellees.
O'Neal, Admx., Appellant, *v.*
Dept. of Natural Resources et al., Appellees.

[Cite as Moss v. Dept. of Natural Resources (1980),
62 Ohio St. 2d 138.]

(No. 79-433—Decided May 7, 1980.)

*Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A., Mr. Leon M. Plevin, Mr. Thomas Mester* and *Mr. Harlan M. Gordon,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Steven L. Gardner* and *Mr. Thomas E. Turk,* for appellee Department of Natural Resources.

*Messrs. Lane, Alton & Horst, Mr. William L. Millard* and *Mr. David Wm. T. Carroll,* for appellee Dodson-Lindblom Associates.

PAUL W. BROWN, J. The central issue in this appeal concerns the applicability of R. C. 1533.181 to the facts of this cause. R. C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

"Premises" and "recreational user" are defined in R. C. 1533.18, as follows:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

Appellants contend that the state may not use R. C. 1533.181 as a shield in these causes for two reasons. First, appellants argue that the term "premises," as defined in R. C. 1533.18(A), does not encompass state-owned lands. Second, appellants assert that the Mosses and decedent O'Neal were not "recreational users," pursuant to R. C. 1533.18(B), because they paid consideration at the parks.

Appellants' first contention was addressed, and resolved, by this court in *McCord* v. *Division of Parks and Recreation* (1978), 54 Ohio St. 2d 72. In 1963, when R. C. 1533.18 and 1533.181 were enacted, this state was immune from tort liability by the doctrine of sovereign immunity. See *McCord, supra.* R. C. 1533.181 was enacted to create an immunity for *private* land owners against recreational users.* Since the state was already protected from liability under the sovereign immunity doctrine, the General Assembly did not include state-owned property within the definition of premises in R. C. 1533.18. Nevertheless, both privately and publicly-owned lands retained an immunity against recreational users.

In 1975, this state waived its immunity as to certain tort claims by the enactment of R. C. 2743.02(A). In so doing, the state provided that it "waive[d] * * * its immunity from liability and consent[ed] to be sued, and have its liability determined * * * *in accordance with the same rules of law applicable to suits between private parties* * * *." (Emphasis added.) As we noted in *McCord, supra,* at page 74, one such rule of law " 'applicable to suits between private parties' " is R. C. 1533.181(A). R. C. 2743.02(A) thus made R. C. 1533.181(A) as applicable to state-owned lands as it was to privately-owned property. These statutes were not adopted in a vacuum. They must be understood in their historical context if we are to in-

---

* In 1965, R. C. 1533.18(A) was amended to include state-owned lands leased to private entities, presumably to clarify the status of such lands as private or public.

terpret and construe them in accordance with legislative will. Appellants' first contention is not well taken.

Appellants next argue that the Mosses and decedent O'Neal paid a fee or consideration at the state parks and thus they were not "recreational users" as that phrase is defined in R. C. 1533.18(B). The Court of Appeals held that the state possessed complete immunity regardless of whether a patron has paid a fee or consideration to the state, or one of its agencies. This was based upon the statutory definition of "recreational user" as one who enters premises for recreational pursuits without paying an admittance charge "other than a fee or consideration paid to the state or any agency thereof." The Court of Appeals interpreted this quoted provision to mean that any time a fee or consideration is paid to the state or its agencies, the state nonetheless remains immune. We do not agree.

R. C. 1533.18(A), as originally enacted, did not include state-owned lands within the definition of "premises," *supra*. Section (B) of the same statute defines "recreational user" as one who enters "premises." Thus, the statute did not originally contemplate that a "recreational user" could be one who enters state-owned property, the situation now before us. This raises the question as to why the General Assembly would make a different rule where consideration is paid to enter state-owned property when, in fact, state-owned land was not even within the purview of the statute. Since it was not until the enactment of R. C. 2743.02(A) that R. C. 1533.18(A) effectively included state-owned property, we do not believe, as the Court of Appeals did, that the General Assembly intended to give the state blanket immunity. Rather, we believe that the phrase, "other than a fee or consideration paid to the state or any agency thereof," makes reference to license fees or other privileges secured from the state for the purpose of engaging in recreational pursuits.

This interpretation of R. C. 1533.18 is admittedly less than obvious from a literal reading of the provision. However, it is the most consistent construction we can impose on inartfully drafted legislation and it most nearly comports with what we perceive to have been the General Assembly's intention. As we stated in *McCord, supra*, at page 74, this "***places the state

upon the same level as any private party. * * * If the immunity which the state has historically enjoyed is to be lifted further [or, as the Court of Appeals did here, expanded beyond the clear meaning of R. C. 2743.02(A)], it must be accomplished by the General Assembly and not by this court."

The next inquiry therefore, is whether appellants correctly argue that the Mosses and decedent O'Neal were not "recreational users" because they purchased gas and food or rented a canoe at the parks. Appellants contend that such purchases constitute "the payment of a fee or consideration" under R. C. 1533.18(B) and that it is not necessary that an entrance or admittance fee be paid at the park for one to fall outside of "recreational user" status.

R. C. 1533.18(B) defines a "recreational user" as one who has permission *to enter* upon "premises" without the payment of a fee or consideration. It is conceded that the Mosses and decedent O'Neal did not pay a fee "to enter" the parks; rather, the consideration paid went for the purchase of gas, food and for the rental of a canoe. Nor was this a situation wherein the state attempted to circumvent liability by charging fees for the use of all facilities, in essence charging an entrance fee, although not labelling it as such. It is undisputed that the Mosses and decedent O'Neal could have brought the same items to the parks that they purchased or rented while there, and still have made use of the park facilities. Consideration should not be deemed given under R. C. 1533.18(B) unless it is a charge necessary to utilize the overall benefits of a recreational area so that it may be regarded as an entrance or admittance fee. Appellants' contention is without merit.

Appellants next contend that R. C. 1533.181 unconstitutionally violates the Equal Protection Clauses of the United States and Ohio Constitutions. They argue that there is no rational basis or legitimate state interest in the creation of a classification wherein an owner of land owes no duty to a recreational user. As the Court of Appeals noted below, however, there is a reasonable relationship to a legitimate state interest here, that being "to encourage owners of premises suitable for recreational pursuits to open their land to public use without worry about liability." A statute which discriminatorily favors one class is not arbitrary if any state of

facts can reasonably be conceived to sustain it. *Continental Can Co.* v. *Donahue* (1966), 5 Ohio St. 2d 224, 227.

Appellants' final argument is that the trial court possessed jurisdiction over the non-state defendants if the claims against the state were improperly dismissed. Since we have just held that the claims against the state were properly dismissed, appellants' proposition must fail.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.