MARREK, APPELLANT, *v.* CLEVELAND METROPARKS BOARD OF COMMISSIONERS ET AL., APPELLEES.

[Cite as Marrek *v.* Cleveland Metroparks Bd. of Commrs. (1984), 9 Ohio St. 3d 194.]

(No. 83-43—Decided February 22, 1984.)

*Sindell, Sindell, Rubenstein, Einbund, Pavlik & Novak Co., L.P.A., Mr. William J. Novak* and *Mr. Gregory M. Ensign,* for appellant.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley, Mr. Stephen M. O'Bryan* and *Ms. Michael Anne Johnson,* for appellees.

CELEBREZZE, C.J. This case presents the issue of whether a park district is protected by immunity from tort liability. This question requires a determination of whether the defense of sovereign immunity is available to the park district, and if not, whether statutory immunity applies. We conclude that the common-law doctrine of sovereign immunity has been abrogated, but that statutory immunity applies in this case.

I

A similar fact situation and question of governmental immunity were presented in *Bokovitz* v. *Cleveland Metroparks System* (May 9, 1983), Cuyahoga App. No. 45215, unreported. The case also involved a sledding accident and the plaintiff alleged that the park district was liable for damages due to its negligence in operating the premises. The court relied upon *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, and held that the abolition of sovereign immunity as applied to municipal corporations also abrogates the doctrine of governmental immunity for park districts established pursuant to R.C. Chapter 1545.[1] We agree with the rationale in *Bokovitz* for the following reasons.

The park district was established under the authority of R.C. Chapter 1545. This court noted in *Schenkolewski* v. *Metroparks System* (1981), 67 Ohio St. 2d 31, 37 [21 O.O.3d 19], that "[a] board of commissioners of a park district bears certain similarities to a municipal corporation. Like a municipal corporation, such a board has a corporate nature, and may sue and be sued as provided by law. R.C. 1545.07. Clearly, it engages in some activities which promote the state's sovereign interests." Included are the power of eminent

---

[1] The court of appeals in *Bokovitz* did not address the question of statutory immunity under R.C. Chapter 1533 because it was not raised in the trial court.

domain to acquire land for forest reserves and conservation of natural resources, R.C. 1545.11; the power to employ park police officers, R.C. 1545.13; and the power to levy taxes, R.C. 1545.20. In *Schenkolewski,* the court applied the governmental-proprietary classification, previously used for municipal corporations, and abolished the immunity of a board of commissioners of a park district for its negligence involving proprietary activities.

The governmental-proprietary dichotomy was abolished and the common-law doctrine of sovereign immunity for municipal corporations was abrogated in *Haverlack, supra.* The court held in paragraph two of the syllabus that the "defense of sovereign immunity is not available, in the absence of a statute providing immunity, to a municipal corporation in an action for damages" caused by its alleged negligence.

Subsequently, the court in *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, defined the scope of liability for municipalities. According to paragraph two of the syllabus, immunity is retained "for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, municipalities will be held liable, the same as private corporations and persons, for the negligence of their employees in the performance of the activities."

Because a park district has some similarities to a municipal corporation, the same standard of liability should apply to both. Furthermore, sovereign immunity has been abolished for school boards, *Carbone* v. *Overfield* (1983), 6 Ohio St. 3d 212; for counties, *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204; and for public libraries, *Mathis* v. *Cleveland Public Library* (1984), 9 Ohio St. 3d 199.

Consistent with the foregoing cases, we hold that no tort action will lie against a board of commissioners of a park district for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, a board of commissioners of a park district will be held liable, the same as private corporations and persons, for the negligence of its employees in the performance of the activities.

Applying this standard to the case *sub judice,* the complaint alleged that the park district failed to supervise a sledding area. This allegation does not concern "the exercise of an executive or planning function involving the making of a basic policy decision." Instead, the "conduct claimed to be tortious involves rather the carrying out of previously established policies or plans." *Enghauser, supra,* at 35. Therefore, the board of commissioners of a park district may be held liable, the same as private corporations and per-

sons. Consequently, the complaint should not have been dismissed on the basis that the park district was protected by governmental immunity.

II

The park district argues that in the event that sovereign immunity has been abolished, it is protected from suit by statutory immunity provided by R.C. 1533.181, which reads in pertinent part:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;"

The term "premises" is defined in R.C. 1533.18(A) as:

"* * * all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon."

The applicability of this statute to state parks in negligence actions was addressed in *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138 [16 O.O.3d 161]. The court held, at page 140, that R.C. 1533.181(A) was as "applicable to state-owned lands as it was to privately-owned property." In reaching this conclusion, the court examined the historical context and noted that the statute was enacted to create immunity for private landowners because the state was already immune from tort liability. See *McCord* v. *Div. of Parks & Recreation* (1978), 54 Ohio St. 2d 72 [8 O.O.3d 77]. Thus, the General Assembly equalized the standard of liability for landowners, regardless of whether they were public or private.

However, in 1975, the state waived its immunity for certain tort claims when R.C. Chapter 2743, the Court of Claims Act, was enacted. R.C. 2743.02(A) provides that the state "waives its immunity from liability and consents to be sued, and have its liability determined * * * in accordance with the *same rules of law* applicable to suits between private parties * * *." (Emphasis added.) To retain the same standard of liability between private and public landowners, the court in *Moss* concluded that R.C. 1533.181 is a "rule of law applicable to suits between private parties." Accordingly, R.C. 2743.02(A) made R.C. 1533.181 "applicable to state-owned lands." *Id.* Thus, public landowners are liable to the same extent as private landowners under this statute.

Unfortunately, this interpretation is not obvious from a literal reading of this inartfully drafted statute. However, we are persuaded by the rationale expressed in *Moss* and *McCord, supra,* that this construction reflects the intent of the General Assembly to maintain the same standard of liability for both public and private landowners.

Even though *Moss* involved a state park, the thrust of the opinion is to apply the same standard of liability to publicly owned land whether it is owned by the state or another governmental entity. As discussed in *Schenkolewski, supra,* a park district is a subdivision of the state. Accordingly, we find that a metropark district is included within R.C. 1533.181(A).

Having concluded that the park district satisfies the requirement in subdivision (A), we must determine whether it has a duty to Marrek, a recreational user. According to R.C. 1533.181(A)(1), set forth above, no owner of the premises owes a duty to a recreational user to keep the premises safe for entry or use. A recreational user is defined in R.C. 1533.18(B) as "a person to whom permission has been granted, without payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

It is not disputed that Marrek was a gratuitous user and that she entered the premises for sledding, a recreational pursuit. Therefore, the requirements of R.C. 1533.181 have been met and we find that the park district does not owe a duty to Marrek, a recreational user, to keep the premises safe for use.

Statutory immunity for landowners in this situation promotes the development and availability of property for recreational use and is consistent with the public policy reflected in R.C. 1533.181. According to *Moss, supra,* the purpose of the statute is " 'to encourage owners of premises suitable for recreational pursuits to open their land to public use without worry about liability.' " *Id.* at 142.[2]

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. Brown, Sweeney, C. Brown and J. P. Celebrezze, JJ., concur.

Locher, J., concurs in judgment only.

Holmes, J., not participating.

---

[2] The New York Court of Appeals recently reached a similar conclusion in *Sega* v. *State* (1983), 60 N.Y.2d 183, 456 N.E.2d 1174. The claimant was hiking in an unsupervised area of a forest preserve. She stopped to rest and leaned against a bridge railing which broke. As a result, she fell twenty feet and was seriously injured. The court held there was no statutory duty and no ground for recovery by the claimant.