TURINSKY *v.* OTTAWA BOARD OF COUNTY COMMISSIONERS ET AL.

(No. 22259 — Decided June 21, 1985.)

Court of Common Pleas of Ottawa County.

*Thomas D. McFarland* and *D. Michael Reny,* for plaintiff.

*Douglas O. Meyer,* prosecuting attorney, *Buckingham, Holzapfel, Zieher, Waldock & Schell Co., L.P.A.,* and *Stuart O'Hara,* for defendant board.

*Doyle, Lewis & Warner* and *Steven Timonere,* for defendant Boulton & Son, Inc.

*McQuade Co., L.P.A.,* and *Colin J. McQuade,* for defendant Derby.

HITCHCOCK, J. The motion of defendant Board of County Commissioners of Ottawa County ("board") requesting summary judgment that the complaint as to it be dismissed with prej-

udice has been considered and is overruled.

It is clearly established that the board has been constructing a public sewer system over much, if not most, of Danbury Township and perhaps some adjacent territory and in such construction has exercised its right of eminent domain to acquire the right of way for said sewer.

According to the plaintiff, Raymond Turinsky, the facts which give rise to this controversy occurred on or about May 18, 1982 and prior to the time the board had acquired a right to enter upon a portion of what was known as Willodale Road, a private way not open to the public and owned in fee by Alkop, Inc. This owner employed plaintiff to prevent entry upon said land by the board's contractor, defendant Leon Boulton & Son, Inc. ("Boulton"), who was in the process of constructing the above-mentioned sewer in the vicinity. Plaintiff notified defendant Gerald Derby (an operator of Boulton's heavy equipment) of his employer's claim. Derby informed his superiors of Boulton who conferred with the then prosecuting attorney as adviser to the board and perhaps with the county's sanitary engineer, Kelley Frye, supervisor of the construction for the board. One or both of these persons instructed Boulton's agent that the board had a right to enter and to proceed with the construction. This information was relayed to Derby who operated his machine in plaintiff's direction. Plaintiff was riding a tractor which was upset, so that plaintiff was caused serious injuries. Defendants do not positively show that these factual claims are non-existent or unprovable to the extent that there is no "genuine issue of fact" for trial.

The court, in analyzing the situation presented, concludes that although the project is not one "for profit" in the usual sense of a contract between two corporations for profit, it does rest upon a contract where a corporation for profit engages to build an extensive public work for a political subdivision of this state in consideration of a large sum of money in which plaintiff had no direct involvement.

In short, the arrangement amounts to a joint venture with respect to the outside world. Both parties to the contract are bound to abide its terms and cause no willful breach of the same. Consequently, in respect to collateral issues of liability, there is a mutual obligation to avoid harm to third persons occasioned by any failure to exercise due care and liability for injury occasioned by conduct involving both parties. See 12 Ohio Jurisprudence 2d (1955) 410, Corporations, Section 322; 11 Ohio Jurisprudence 3d (1979) 530, Business Relationships, Section 285. See, also, R.C. 1701.13(F)(4) as in effect since October 31, 1967 which provides:

"In carrying out the purposes stated in its articles and subject to limitations prescribed by law or in its articles, a corporation may:

"* * *

"(4) Be a partner, member, associate, or participant in other enterprises or ventures, whether profit or nonprofit; * * *."

Sovereign immunity for counties has been abrogated. See *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194; and *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204; and the first paragraph of Section 16, Article I of the Ohio Constitution, which originally appeared in the Constitution of 1851 and was amended to its present form in 1912, to wit:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

It is clear to this court that if plaintiff can prove that as an employee of the

landowner on May 18, 1982, he had a right to forbid Derby, as an individual or as an agent of Boulton, to enter upon the premises because the board had not then fulfilled the requirements of law for such entry, he can maintain this action if he suffered injury because his demand was ignored. Obviously, if it is shown that counsel or other representative of the board erred by reason of negligence or otherwise in instructing some representative of Boulton that Boulton had a right to enter the land in question, agents of Boulton would not have proceeded as they did and no injury would have occurred. It would seem immaterial to this court that Derby may have exceeded any legal bounds in the exercise of what he, in good faith, understood to be within his authority as a result of any communications made by Boulton. Consequently, if these facts are proven, this court will hold Boulton and the board equally responsible for any injury proximately caused plaintiff by Derby. If Derby is shown to have acted under mistake of legal right only pursuant to instruction received from Boulton, he may be absolved of liability herein. See 36 Ohio Jurisprudence 2d (1959), Master and Servant, Sections 378, 379 and 416; 39 Ohio Jurisprudence 3d (1982), Employment Relations, Sections 360, 361, 393 and 397.

By reason of the foregoing, the board's motion for summary judgment is overruled.

*Motion overruled.*

J. GARETH HITCHCOCK, J., of the Paulding County Court of Common Pleas, sitting by assignment in the Ottawa County Court of Common Pleas.