JOHNSON, APPELLANT, *v.* VILLAGE OF NEW LONDON, APPELLEE.

[Cite as Johnson *v.* New London (1988), 36 Ohio St. 3d 60.]

(No. 87-707—Decided April 6, 1988.)

*Sindell, Rubenstein, Einbund, Pavlik & Novak, William J. Novak* and *Michael S. Tucker,* for appellant.

*Carpenter, Paffenbarger & Mc-Gimpsey* and *Earl R. McGimpsey,* for appellee.

DOUGLAS, J. The instant appeal requires this court to determine whether a political subdivision, which holds land open to certain recreational use without charge, is immune from tort liability to a recreational user who is injured on such property. For the reasons expressed *infra,* we answer this question in the affirmative.

It is axiomatic that a motion for summary judgment may only be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). Moreover, summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. *Id.* Furthermore, in reviewing a motion for summary judgment, this court, as is the case with other courts, must construe the evidence in a light most favorable to the party opposing the motion. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274; *Toledo's Great Eastern Shoppers City, Inc.* v. *Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St. 3d 198, 201-202, 24 OBR 426, 429, 494 N.E. 2d 1101, 1104; *Wills* v. *Frank Hoover Supply* (1986), 26 Ohio St. 3d 186, 188, 26 OBR 160, 161, 497 N.E. 2d 1118, 1120; *McKinney* v. *Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St. 3d 244, 246, 31 OBR 449, 450, 510 N.E. 2d 386, 388. Therefore, absent an affirmative showing by the moving party, appellee herein, that no genuine issue exists as to any material fact, *Toledo's Great Eastern Shoppers City, Inc., supra; Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47; *Hamlin* v. *McAlpin Co.* (1964), 175 Ohio St. 517, 519-520, 26 O.O. 2d 206, 207, 196 N.E. 2d 781, 783, and that such party is entitled to judgment as a matter of law, summary judgment may not be granted.

The case before us contains *no* genuine issues of material fact. Appellant's status as a "recreational user" of the reservoir park is undisputed.[1] Thus, the sole question to be determined herein is whether appellee is entitled to judgment as a matter of law.

Appellant argues that a political subdivision, such as appellee herein,

---

[1] A " '[r]ecreational user' * * * [is] a person to whom permission has been granted, without the payment of a fee or consideration to the owner, * * * to enter upon the premises to hunt, fish, * * * hike, swim or engage in other recreational pursuits." R.C. 1533.18(B). It is undisputed that appellant paid *no* fee or consideration for the right to engage in snowmobiling at the reservoir. Additionally, we find, as did the court of appeals, that snowmobiling is a "recreational pursuit" within the definition of R.C. 1533.18(B). See *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66, 28 OBR 165, 502 N.E. 2d 611.

has no statutory immunity pursuant to R.C. 1533.18 and 1533.181.[2] While we agree that appellee has no direct statutory immunity pursuant to R.C. 1533.181, we find that appellee has, under the facts of the cause now before us, derivative immunity from tort liability to recreational users of appellee's property.

R.C. 1533.18 and 1533.181, as enacted in 1963 (130 Ohio Laws 423), created immunity for owners of private land against injury occurring to recreational users of such land. Subsequently, in 1965 (131 Ohio Laws 521), the scope of this immunity was expanded, by redefining "premises," to permit private parties who were leasing state-owned land to share in the immunity. R.C. 1533.18(A). Thus, lands owned by the state, political subdivisions and municipalities have never been within the express statutory definition of lands which were subject to this immunity and, accordingly, those governmental units had no direct statutory immunity, pursuant to R.C. 1533.181, from tort liability to recreational users of such property.

However, it is important to note that when R.C. 1533.18 and 1533.181 were enacted, the state, its political subdivisions and municipalities all had immunity from recreational-user tort liability by virtue of the doctrine of sovereign immunity. Thus, the General Assembly did not need to include, and in fact did not include, government-owned land as a type of property receiving immunity pursuant to R.C. 1533.181, see *McCord* v. *Division of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 8 O.O. 3d 77, 375 N.E. 2d 50; *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E. 2d 742, as *all* landowners were, through some type of immunity, then immune from tort liability to recreational users of property.

In 1975, the state waived its immunity from certain tort claims and consented to be sued "* * * in accordance with the same rules of law applicable to suits between private parties * * *." R.C. 2743.02(A). See, also, *McCord, supra; Moss, supra;* and *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 9 OBR 508, 459 N.E. 2d 873. When the state waived its immunity, one of the rules of law applicable to suits between private parties was the statutory immunity afforded owners of private land pursuant to R.C. 1533.181. Thus, pursuant to the Court of Claims Act, specifically R.C. 2743.02(A), the state has a derivative immunity from suits for tortious injuries to recreational users of state-owned property. See *McCord, supra; Moss, supra.* The immunity is derivative because it is not conferred directly upon the state by R.C. 1533.181, but rather is derived from the immunity enjoyed by private persons under the provisions of R.C. 1533.181.

Similarly, between 1982 and 1983, this court abolished *municipal* sov-

---

[2] R.C. 1533.181 provides in part that:

"(A) *No owner,* lessee, or occupant *of premises*:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user." (Emphasis added.)

R.C. 1533.18(A) provides in part that:

"(A) 'Premises' means all *privately-*owned lands * * * and all state-owned lands * * * leased to a private person, firm, organization, or corporation * * *." (Emphasis added.)

ereign immunity. *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, 2 OBR 572, 442 N.E. 2d 749, and *Enghauser* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 6 OBR 53, 451 N.E. 2d 228. Thereafter, municipalities were "* * * held liable, the same as private corporations and persons, for the negligence of their employees and agents in the performance of * * * activities." *Enghauser, supra,* at paragraph two of the syllabus. As was the situation with the Court of Claims Act, when *Enghauser* was decided, R.C. 1533.181 was one of the rules governing the liability of private persons for negligence. Thus, municipalities, pursuant to *Enghauser,* remained immune from tort liability to recreational users of municipal proper-ty because of R.C. 1533.181. Like the immunity of the state, the municipalities' recreational-user immunity is derivative, being conferred indirectly from R.C. 1533.181 to the municipalities through this court's holding in *Enghauser,* and *does not arise directly* from R.C. 1533.181.[3] Since owners of private land are statutorily immune from tort liability to recreational users, and municipalities have, pursuant to *Enghauser,* only the same liability for negligent acts as do private persons, municipalities are immune from liability to recreational users of municipal property.

We hold, therefore, that a political subdivision has derivative immunity from tort liability to a recreational user of municipal property to the same ex-

---

[3] The trial court, court of appeals and both parties in their briefs to this court rely upon this court's decision in *Marrek, supra.* Following a detailed analysis of *Marrek,* we find that the following language has caused considerable confusion:

"* * * Thus, public landowners are liable to the same extent as private landowners under this statute.

"Unfortunately, this interpretation is not obvious from a literal reading of this inartfully drafted statute. However, we are persuaded by the rationale expressed in *Moss* and *McCord, supra,* that this construction reflects the intent of the General Assembly to maintain the same standard of liability for both public and private landowners.

"Even though *Moss* involved a state park, the thrust of the opinion is to apply the same standard of liability to publicly owned land whether it is owned by the state or another governmental entity. As discussed in *Schenkolewski* [v. *Metroparks System* (1981), 67 Ohio St. 2d 31, 21 O.O. 3d 19, 426 N.E. 2d 784], *supra,* a park district is a subdivision of the state. Accordingly, we find that a metropark district is included within R.C. 1533.181(A)." *Id.* at 197, 9 OBR at 510-511, 459 N.E. 2d at 876.

This language is inappropriate and in need of clarification. R.C. 1533.181 does not directly apply to publicly owned property. The statute provides recreational-user immunity only to owners of private land and private entities leasing state-owned land. While the court in *Marrek* realized that no direct sovereign immunity existed to shield the metropark commissioners, that court failed to recognize the derivative immunity which, pursuant to *Enghauser,* shields the commissioners from recreational-user tort liability. As stated *supra,* the immunity that we find herein, which is equally applicable to the metropark board of commissioners, does not come directly from the statute but rather flows from the fact that a private person enjoys immunity. However, notwithstanding our clarification of the analysis utilized in the municipal park recreational-user liability area, we recognize that the syllabus set forth in *Marrek* provides the correct standard to gauge either municipal or municipal park district liability: "* * * a board of commissioners of a park district will be held liable, the *same as private corporations and persons,* for the negligence of its employees in the performance of the activities." (Emphasis added.)

tent that an owner of private land has, pursuant to R.C. 1533.181, immunity from tort liability to a recreational user of private property.

Accordingly, as appellee is entitled to judgment as a matter of law and there exists no genuine issues of material fact, we find that the trial court properly granted appellee's motion for summary judgment. We, therefore, affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES and H. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., concur in judgment only.