VINAR, Appellant,

v.

CITY OF BEXLEY et al., Appellees.

[Cite as *Vinar v. Bexley* (2001) 142 Ohio App.3d 341.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP-1134.

Decided April 19, 2001.

*Stanley L. Myers,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Douglas P. Holthus,* for appellees.

DESHLER, Judge.

This is an appeal by plaintiff-appellant, Marvin Vinar, from a judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, the city of Bexley.

On February 9, 1999, plaintiff filed a complaint, naming as defendants the city of Bexley ("city") and John Doe. The complaint alleged that plaintiff, on July 3, 1997, was riding a bicycle on a roadway maintained by the city on the grounds of the Jeffrey Mansion, a park located in Bexley. On that date, plaintiff was injured when he fell from his bicycle. The complaint alleged that the city had placed "speed bumps" on the roadway that were dangerous for bicycle use "in that they were not marked, not rounded and to[o] high for safe use by bicycle riders."

Plaintiff alleged that the "speed bumps" constituted a nuisance, and that he was injured as a result of such nuisance. Plaintiff's complaint sought $25,000 in damages against the city. Plaintiff filed an amended complaint on February 16, 1999, and a second amended complaint on June 3, 1999.

On November 16, 1999, the city filed a motion for summary judgment, asserting that the city was immune from liability based on the provisions of R.C. Chapter 2744. On February 23, 2000, plaintiff filed a memorandum contra. By decision filed March 9, 2000, the trial court denied the city's motion for summary judgment.

On July 5, 2000, the city filed a second motion for summary judgment, arguing for the first time that the city was entitled to immunity pursuant to R.C. 1533.181, Ohio's recreational user statute. On July 14, 2000, plaintiff filed a memorandum contra.

By decision filed August 22, 2000, the trial court granted the city's motion for summary judgment, finding that the city was "entitled to judgment as a matter of law on the basis of recreational user immunity." The decision of the trial court was journalized by judgment entry filed September 15, 2000.

On appeal, plaintiff sets forth the following assignment of error for review:

"The lower court erred as a matter of law in granting summary judgment to the city of Bexley when it held that a general statute, R.C. 1533.181, the recreational immunity statute, protects the city of Bexley in the maintenance of its roads through its municipal park rather than following the specific statutes, R.C. 723.01 and/or R.C. [Chapter] 2744 relating to roadways, and/or in failing to reconcile the statutes."

Under his single assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of the city on the basis of the recreational user statute. Plaintiff's basic contention is that R.C. 1533.181 is inapplicable to the facts of the instant case, involving a municipal roadway through a recreational area.

In general, a motion for summary judgment will be granted only where there is no genuine issue of any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Further, summary judgment shall not be granted unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.* Upon appeal, this court's review of summary judgment is *de novo* and, thus, we conduct an independent review of the record without deference to the conclusions of the trial court. *King v. Enron Capital & Trade Resources Corp.* (Apr. 5, 2001), Franklin App. No. 00AP–761, unreported, 2001 WL 327576.

R.C. 1533.181 states:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

"Premises" is defined under R.C. 1533.18(A) to mean:

"[A]ll privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon."

R.C. 1533.18(B) defines "recreational user" to mean:

"[A] person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

■ It has been noted that "[a]lthough the [recreational user] statute appears to apply only to privately held land, the statute has been interpreted to include lands owned by states and municipalities." *Goodluck v. Findlay* (Mar. 3, 1999), Hancock App. No. 5–98–36, unreported, 1999 WL 156033. See, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793, syllabus ("A political subdivision has derivative immunity from tort liability to a recreational user of municipal property to the same extent that an owner of private land has, pursuant to R.C. 1533.181, immunity from tort liability to a recreational user of private property").

In *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 114, 537 N.E.2d 1294, 1296, the Ohio Supreme Court held that, "[i]n determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." The court in *Miller* further held that "[t]he existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public." *Id.* at 115, 537 N.E.2d at 1296–1297.

Thus, at issue is the character of the property upon which plaintiff was injured. In the instant case, the property is a roadway, maintained by the city, running through a city park (the Jeffrey Mansion). According to the deposition testimony of John Barr, director of the city's recreation and parks department, the roadway is paved, marked for two-way traffic, has signage for speed limits, and is open to both automobile and bicycle traffic. It appears undisputed, based on representations made at oral argument, that the roadway in the park is a thoroughfare, and we note there is no evidence that use of the roadway is restricted to the Jeffrey Mansion. As such, the roadway presumably is available to motorists (and bicyclists) for travel not related to recreational use.

In *Smith v. S. Pacific Transp. Co., Inc.* (La.App.1985), 467 So.2d 70, the court concluded that where the city allows the motoring public to use the streets in a city park for travel not associated with recreational activities, the immunity granted under recreational user statutes is inapplicable. Specifically, the court in *Smith* held:

"In the instant case, although City Park is set aside for recreational purposes, the street used by plaintiff is open to the motoring public for purposes other than recreational use. The intent of the [recreational user] statutes was to encourage landowners to allow the public to use their property for recreational purposes. * * * * The statutes specifically refer to use of the land for recreational purposes. However, where persons are allowed to use the property for purposes not associated with recreational activities, the statutes should not apply." *Id.* at 73.

In *Jerz v. Salt Lake Cty.* (Utah 1991), 822 P.2d 770, the court relied upon the reasoning of *Smith, supra,* in holding that a statute limiting a landowner's liability for recreational use of land did not apply to a road maintained by the county leading to recreation areas. See, also, *Seyler v. United States* (C.A.9, 1987), 832 F.2d 120, 122 ("[t]o apply the recreational use statute to the ordinary street or highway ignores the purpose of the statute, which is to encourage landowners to open land to the public that would otherwise be closed to it").

■ Ohio's recreational user statute is similar to statutes in other jurisdictions in that "the purpose of the statute is ' "to encourage owners of premises suitable for recreational pursuits to open their land to public use without worry about liability." ' " *Marrek v. Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St.3d 194, 198, 9 OBR 508, 511, 459 N.E.2d 873, 877, quoting *Moss v. Dept. of Natural Resources* (1980), 62 Ohio St.2d 138, 142, 16 O.O.3d 161, 163–164, 404 N.E.2d 742, 745. As previously noted, the property at issue is a roadway, available to the general public for travel by vehicles and bicycles, which happens to be a thoroughfare through a park. Because the roadway is available to the public for nonrecreational travel, we conclude that the statutory immunity provided by R.C. 1533.181 is not afforded to the city under the facts of this case.

Thus, we agree with plaintiff's contention that the trial court erred in granting summary judgment in favor of the city based on application of the recreational user statute.

Based upon the foregoing, plaintiff's single assignment of error is sustained, the judgment of the trial court is reversed and this matter is remanded for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed*
*and cause remanded.*

LAZARUS and TYACK, JJ., concur.

LAZARUS, Judge, concurring separately.

I concur with the majority that the judgment of the trial court should be reversed. However, I write separately as I believe that a factual dispute exists as to "the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 114, 537 N.E.2d 1294, 1296.

Here, the city of Bexley, as the party moving for summary judgment, had the burden under Civ.R. 56(C) to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. In order to carry this burden, the Ohio Supreme Court has explained that "the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274. Thus, in assessing a motion for summary judgment, courts are restricted to considering the types of evidence specifically enumerated by Civ.R. 56(C). See *Carrabine Constr. Co. v. Chrysler Realty Corp.* (1986), 25 Ohio St.3d 222, 225, 25 OBR 283, 284–285, 495 N.E.2d 952, 954–955. A representation made at oral argument before this court is not included within the terms of Civ.R. 56(C) and may not be considered by a court when deciding a motion for summary judgment. See *id.* at paragraph one of the syllabus (a trial court is precluded from considering supplemental oral testimony introduced for the first time at a hearing on a motion for summary judgment under Civ.R. 56).

Therefore, the city was required to show, by means of the kinds of evidence set forth in Civ.R. 56(C), that the character of the property was recreational and the property was meant for recreational use and not for use as a public roadway. Based on the record before us, I do not believe that it is clear whether the roadway through the park was designed for use as a public thoroughfare, as represented during oral argument, or rather simply as a means of providing

access for the public to visit the mansion or use the park for recreational purposes. Thus, because I believe that a genuine issue of material fact exists as to the character of the property upon which plaintiff was injured, I would reverse the grant of summary judgment to the city of Bexley.