OPINION
This is an accelerated calendar appeal submitted on the record and the briefs of the parties. Earlene Nelson, individually and as administratrix of the estate of Joshua Nelson, a deceased minor, (collectively referred to as "appellant"), appeals the February 5, 2001 judgment entry by the Ashtabula County Court of Common Pleas, granting summary judgment in favor of the Board of Park Commissioners of Conneaut Township Park ("appellee"). For the reasons stated below, we affirm the judgment of the lower court.
On July 15, 1997, Joshua Nelson ("decedent") entered Conneaut Township Park ("Township Park"). Decedent proceeded to swim in Lake Erie, which is owned by the State of Ohio. Decedent drowned approximately 40 feet north of the beach and 20 feet west of the break wall. Appellee owned and operated Township Park.
On November 9, 1999, appellant filed an amended complaint, bringing a wrongful death and survivorship action against appellee. Appellant alleged various instances of negligence by appellee and appellee's employees. Appellant asserted that appellee aided, abetted, created, and maintained a nuisance because it knew the break wall created dangerous currents and undertows. Appellant added that appellee's actions were willful and wanton, representing a conscious disregard for the rights and safety of others, entitling appellant to punitive damages. Finally, appellant alleged Ohio's recreational user statute, under R.C. 1533.181, was unconstitutional.
Subsequently, on July 27, 2000, appellee filed a motion for summary judgment, setting forth several grounds. Appellee argued that it had immunity under Ohio's sovereign immunity statute, R.C. 2744.02. Appellee also asserted that Ohio's recreational user statute, R.C. 1533.181, provided for a complete defense to liability and that it was constitutional. Appellee contended that there was no duty on its part to warn of dangers on adjacent lands because Lake Erie was owned by the state of Ohio. Lastly, appellee averred that decedent was a licensee so no duty was owed to him. Appellee attached the affidavit of Gary L. Coxon, president of appellee, who stated that appellee owned and operated Township Park, which is open to the public free of charge. Mr. Coxon attested to the fact that decedent drowned in Lake Erie, which is owned by the state of Ohio.
Thereafter, on August 30, 2000, appellant filed a brief in opposition. Appellant contended that the operation of a beach and swimming area was a proprietary function. Appellant further stated that, even if the operation of a beach and swimming area was a governmental function, appellee still fit one of the exceptions to R.C. 2744.02. Appellant argued there was a material issue of fact as to whether the known dangers of the undertows and currents, within Township Park's public grounds, constituted a nuisance. Next, appellant asserted that the recreational user statute, R.C. 1533.181, did not apply because Township Park was not a privately owned facility. Appellant added that, even if it applied to a publicly owned facility, appellee received admission fees through taxation. Finally, appellant argued that R.C. 1533.181 was unconstitutional. Appellant attached various exhibits, which included appellant's affidavit, newspaper articles pertaining to past drownings near the break wall, and excerpts from the depositions of Rebecca Finlaw-Goudge, decedent's fiancée, and David Dickson, Township Park's superintendent.
On September 12, 2000, appellee filed a reply to appellant's brief in opposition, arguing that appellant failed to cite controlling case law or a statute to support her arguments. Appellee also asserted that appellant cited to case law and the Ohio Constitution in an attempt to find persuasive authority to change the law.
On February 5, 2001, the trial court filed a judgment entry granting summary judgment to appellee on several grounds.[1] The trial court found that the break wall was outside the confines of Township Park, a political subdivision. The trial court stated that the operation and maintenance of a park was a governmental function and that R.C. 2744.02
provided immunity to appellee. The trial court further stated that R.C.1533.181, the recreational user statute, applied to public and private recreational lands; thus, appellee was without liability. Finally, the trial court determined that R.C. 1533.181 was constitutional.
Subsequently, on March 2, 2001, appellant filed a timely appeal, asserting one assignment of error. Appellant's sole assignment of error contends that the trial court erred in granting appellee's motion for summary judgment because there was a genuine issue pertaining to liability. Appellant raises three separate arguments within her sole assignment of error. First, appellant claims that she presented sufficient evidence of a nuisance on appellee's property and/or of the negligence of appellee's employees, which created liability for appellee, a political subdivision, under R.C. 2744. Second, appellant avers that the recreational user statute does not apply to appellee. Finally, appellant posits that the recreational user statute violates the Ohio Constitution and is against public policy.
We begin with the applicable law for reviewing a motion for summary judgment. A reviewing court conducts a de novo review of the grant or denial of summary judgment. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without deference to it. Brown v. SciotoBd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is a procedural device designed to avoid a formal trial when there is nothing left to litigate. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1. Civ.R. 56(C) provides that summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewing that evidence most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See State ex rel. Morley v.Lordi (1995), 72 Ohio St.3d 510, 512.
Once a moving party meets his burden of supporting his motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that a non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. The non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating the existence of a "genuine issue" for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449. A "genuine issue" exists when a reasonable jury could return a verdict for the non-moving party based upon the evidence. Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
In the case sub judice, before making an independent determination as to whether the trial court properly granted appellee's motion for summary judgment, we must first address the underlying issues. We begin with appellant's argument, questioning the applicability of Ohio's recreational user statute to the instant case. Appellant asserts that R.C. 1533.181
does not apply because Township Park is not a privately owned facility. Appellant also argues that the beach and the Lake Erie waters, extending from the park, are owned and operated by Township Park, a non-private entity. Finally, appellant contends that, even assuming arguendo that R.C. 1533.181 applies to a publicly owned facility, appellee masked its admission fee through taxation.
R.C. 1533.181 provides:
"(A) No owner, lessee, or occupant of premises:
 "(1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 "(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."
 R.C. 1533.18 provides the following definition as it is used in R.C. 1533.181:
 "(A) `Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon."
 According to R.C. 1533.18(A), it appears that "premises" applies to only privately held lands. However, it is well settled that R.C. 1533.181 has been interpreted to include immunity for both privately owned land and lands owned by the state and municipalities. Vinar v. Bexley (2001), 142 Ohio App.3d 341; see, also, Johnson v. New London
(1988), 36 Ohio St.3d 60, syllabus; Marrek v. Cleveland Metroparks Bd. of Commrs. (1984), 9 Ohio St.3d 194; Moss v. Dept. of Natural Resources
(1980), 62 Ohio St.2d 138; Kendrick v. Cleveland Metroparks Bd. of Commrs. (1994), 102 Ohio App.3d 739.
In Johnson, supra, the Supreme Court of Ohio explained that when R.C.1533.181 and R.C. 1533.18 were enacted, the state, its political subdivisions, and municipalities were already protected from tort liability against recreational users under the doctrine of sovereign immunity; thus, the General Assembly did not need to include government owned lands as a type of property receiving immunity under R.C. 1533.181.Johnson at 62. However, in 1975, the enactment of R.C. 2743.02(A) waived the state's immunity and allowed it to be sued in accordance with the same laws that are applicable to suits between private parties. Id. As a result of the enactment of R.C. 2743.02, state owned lands derived the same immunity that was applicable to private persons under R.C. 1533.181.Id.
Similarly, the doctrine of municipal sovereign immunity existed in Ohio until it was abolished in 1982. The Supreme Court of Ohio abolished judicially created sovereign immunity and stated that since Ohio's sovereign immunity for municipalities was judicially created, it could also be judicially abolished. Enghauser Mfg. Co. v. Eriksson Eng. Ltd. (1983), 6 Ohio St.3d 31; Haverlack v. Portage Homes, Inc. (1982),2 Ohio St.3d 26. See, also, Strohofer v. Cincinnati (1983),6 Ohio St.3d 118. The abolition of municipal corporation sovereign immunity came about because the Supreme Court of Ohio found that it was time to subject "municipal entities to the same rules as private persons or corporations if a duty has been violated and a tort has been committed." Enghauser Mfg. Co., supra, at 35.
However, the Supreme Court of Ohio has made it clear that some forms of municipal sovereign immunity must necessarily continue to exist in order for local governments to continue to function effectively. For instance, the Supreme Court of Ohio has pointed out that no tort action lies against a municipal corporation for acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision, which is characterized by the exercise of a high degree of official judgment or discretion. Enghauser Mfg. Co., 6 Ohio St.3d at paragraph two of the syllabus. In Haverlack, supra, 2 Ohio St.3d at paragraph two of the syllabus, the Supreme Court of Ohio held that the defense of sovereign immunity was not available in the absence of a statute providing immunity to a municipal corporation from an action for damages alleged to be caused by its negligence. Strohofer, supra,6 Ohio St.3d 118, abolished municipal sovereign immunity in all actions for damages alleged to be caused by the tortious conduct of the municipality, unless a statute specifically provided immunity.
These holdings implemented a basic change in the nature of the action required by the General Assembly. Prior to Haverlack and Strohofer, sovereign immunity existed unless provided otherwise by statute. SeeRaudabaugh v. State (1917), 96 Ohio St. 513, 514. However, Haverlack and its progeny determined that sovereign immunity exists only if provided by statute. Unless there is statutory immunity, the sovereign immunity defense "*** is not available to a municipal corporation in an action for damages alleged to be caused by the tortious conduct of the municipality." Strohofer, supra, 6 Ohio St.3d at syllabus.
Consequently, municipalities derive the same immunity from tort liability as to municipal property that private persons enjoyed against recreational users under R.C. 1533.181. Johnson, supra, at 63. The same standard of liability as a private person or corporation applies to a board of park commissioners of a park district for its employee's negligence in the performance of activities. Marrek, supra,9 Ohio St.3d at 196. The Supreme Court of Ohio explained that, if we are to interpret and construe these statutes in accordance with their legislative will, they must also be understood in their historical context. Moss, supra,62 Ohio St.2d at 140-141.
In the instant case, appellee owns and operates Township Park. Appellee is a board of park commissioner of a township park district. Appellee is "a body politic and corporate." See R.C. 511.23(A); R.C.1545.07. Township Park, organized under R.C. Chapter 1545, is a political subdivision of the state of Ohio. See Marrek, supra,9 Ohio St.3d at 197, citing Schenkolewski v. Metroparks System (1981),67 Ohio St.2d 31; Willoughby Hills v. Bd. of Park Commrs. (1965),3 Ohio St.2d 49, syllabus. As a result, Township Park falls within the scope of "premises" under R.C. 1533.18(A).
Next, we must determine if decedent fit the definition of a "recreational user" as it is used in R.C. 1533.181. R.C. 1533.18
provides:
 "(B) `Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."
 An individual is not a recreational user if he pays a fee or consideration to enter a premise to engage in recreational activity. Moss, supra, supra,
62 Ohio St.2d at paragraph two of the syllabus. The Supreme Court of Ohio explained that the latter part of R.C. 1533.18(B), dealing with a fee or consideration paid to the state or any agency to enter premises, references license fees or other privileges secured from the state to engage in recreational activity. Moss at 141.
In the case before us, decedent did not give any type of consideration "to enter" Township Park. Appellant argues that appellee masks its admission fee through taxation. In order for consideration to be regarded as an entrance or admission fee, pursuant to R.C. 1533.18(B), it must be a charge that is necessary to utilize the overall benefits of a recreational area. Moss, supra, at 142. Regardless of whether or not an individual visits Township Park, he or she is subject to taxation. Taxation cannot be deemed a "fee" that is necessary for an individual to utilize the overall benefit of Township Park. This court has stated that the term "fee" in the definition of a recreational user refers exclusively to an entrance fee or an admission fee. Dowdell v. Eastlake
(Aug. 10, 1990), Lake App. No. 89-L-14-121, unreported, 1990 Ohio App. LEXIS 3318.
Further, as required under R.C. 1533.18(B), decedent entered Township Park for the purpose of swimming in Lake Erie. This is evident based on the fact that the cause of decedent's death was drowning. Also, the deposition of Rebecca Finlaw-Goudge stated that she and decedent informed appellant that they were going to swim at Township Park. Furthermore, decedent entered Township Park under an implied consent or acquiescence by appellee. A recreational user is one who is given express permission to use the land for a recreational pursuit or one who participates in a recreational pursuit with the owner's acquiescence. Stiner v. Dechant
(1996), 114 Ohio App.3d 209, 214-215. Accordingly, decedent fit the definition of a recreational user. As such, the requirements of Ohio's recreational user statute under R.C. 1533.181 have been satisfied in the instant case. Appellee owed no duty to decedent, a recreational user, to keep the premise safe for entry or use. As a result, an action cannot be brought against appellee for alleged negligence or even alleged wanton misconduct. See Fetherolf v. State (1982), 7 Ohio App.3d 110, paragraph one of the syllabus. Appellant's arguments, pertaining to the applicability of Ohio's recreational user statute, are without merit.
Next, appellant argues that the recreational user statute violates the Ohio Constitution and, applying it, violates public policy. Specifically, appellant avers that R.C. 1533.181 violates Article I, Section 5 of the Ohio Constitution by denying a right to a jury trial for those who suffer injury due to negligence on recreational lands. Appellant argues the recreational user statute also violates Article I, Section 16 of the Ohio Constitution, granting the right to open courts and a remedy. Appellant adds that the statute violates the due process clause of the Fourteenth Amendment by depriving her of a property right and remedy. Finally, appellant opines that the recreational user statute violates the equal protection clause of the Fourteenth Amendment and Article II, Section 2 of the Ohio Constitution.
Appellant's arguments urge us to conclude that R.C. 1533.181 and R.C.1533.18, enacted in 1963, are unconstitutional. We begin with appellant's equal protection argument. The Supreme Court of Ohio has held that R.C.1533.181 and R.C. 1533.18 do not violate the equal protection clauses of the United States Constitution or the Ohio Constitution. Moss, supra,
62 Ohio St.2d at paragraph three of the syllabus. As to appellant's due process argument, the Supreme Court of Ohio explained that there exists a reasonable relationship to a legitimate interest under R.C. 1533.181, which is to encourage owners of premises, suitable for recreational activity, to open their lands to public use without the worry of liability. Marrek, supra, 9 Ohio St.3d at 198 (citing Moss, supra, at 142); Vinar, supra, 142 Ohio App.3d 341. Therefore, R.C. 1533.181 and R.C. 1533.18 satisfy rational basis scrutiny.
Next, addressing appellant's public policy argument, the Supreme Court of Ohio held that the statutory immunity for a landowner, under R.C.1533.181, promotes the development and availability of recreational lands for recreational use and is consistent with the public policy reflected in R.C. 1533.181. Marrek at 198. Moreover, as to appellant's arguments pertaining to the denial of a remedy, the right to open courts, and the right to a jury trial, the General Assembly has the authority to determine the type of actions for which damages may be had. Harman v.Fostoria (Feb. 18, 1994), Wood App. No. 93WD059, unreported, 1994 Ohio App. LEXIS 565, citing Kennedy v. Byers (1923), 107 Ohio St. 90, 96. As such, the General Assembly has the authority to establish immunities. Enactments of the General Assembly are presumed constitutional. Hardy v.VerMeulen (1987), 32 Ohio St.3d 45, 48. Appellant's arguments that R.C.1533.181 and R.C. 1533.18 are unconstitutional are without merit.
Next, appellant raises various arguments concerning the applicability of R.C. 2744.02, the sovereign immunity statute. Appellant argues that the proper classification for the operation, maintenance, or supervision of the waterfront and water is a proprietary function. Appellant claims that, even assuming that it is a governmental function, this case would still fall within an exception to R.C. 2744.02. Appellant contends that she presented sufficient evidence of a nuisance and/or negligence by Township Park's employees on appellee's property. Finally, appellant raises an argument that the beach and the waters adjacent to the shoreline are public grounds within Township Park.
Following the Supreme Court of Ohio's abrogation of sovereign immunity for municipal corporations in Haverlack, supra, 2 Ohio St.3d 26, the General Assembly reinstated sovereign immunity when it enacted R.C. Chapter 2744, which governs, among other things, municipal tort liability. R.C. 2744.02(A)(1) confers sovereign immunity for civil liability upon political subdivisions "for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
However, the Tort Reform Act of 1996 amended R.C. Chapter 2744. See Am.Sub.H.B. No. 350, 146 Ohio Laws. Part II, 3867. In State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, the Supreme Court of Ohio determined that the Tort Reform Act of 1996 was unconstitutional. Therefore, we rely upon the pre-Am.Sub.H.B. No. 350 version of R.C. Chapter 2744 with any amendments made subsequent toSheward. In Klein v. Portage Cty. (2000), 139 Ohio App.3d 749,751-752, we stated that a decision of the Supreme Court of Ohio, striking down a statute as unconstitutional, is generally given retrospective application.
As explained previously, Township Park, organized under R.C. Chapter 1545, is a political subdivision of the state of Ohio. See Marrek,supra, 9 Ohio St.3d at 197, citing Schenkolewski v. Metroparks System
(1981), 67 Ohio St.2d 31; Willoughby Hills v. Bd. of Park Commrs. OfCleveland Metro. Park Dist. (1965), 3 Ohio St.2d 49, syllabus. A governmental function of a political subdivision includes the maintenance and operation of any park. R.C. 2744.01(C)(2)(u); see, also, Hunsche v.Loveland (1999), 133 Ohio App.3d 535, 539.
As stated above, a political subdivision is not liable for damages in a civil suit arising from injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or its employees in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). Nevertheless, R.C. 2744.02(B) provides five exceptions to the immunity that is granted to political subdivisions under R.C. 2744.02(A)(1). Pursuant to R.C. 2744.02(B), under certain situations, a political subdivision can be held liable for damages in a civil suit arising from injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or its employees in connection with a governmental or proprietary function.
However, upon review of those exceptions, none are applicable to the circumstances in the instant case. Specifically, appellant contends that R.C. 2744.02(B)(2) and (3) are applicable. R.C. 2744.02(B)(2) provides that a political subdivision can be held liable for damages in a civil suit arising from injury, death, or loss to persons or property where an employee of the political subdivision negligently performs acts with respect to proprietary functions. As stated above, the maintenance and operation of a park by a political subdivision is a governmental function. R.C. 2744.02(B)(3) also provides that a political subdivision can be held liable for damages in a civil suit arising from injury, death, or loss to persons or property caused by its failure to keep the public grounds within their political subdivision open, in repair, and free from nuisance. However, decedent drowned in Lake Erie, not on grounds within Township Park. Title to Lake Erie belongs to the state of Ohio, which holds it in trust for the benefit of its citizens. Wheelerv. Port Clinton (Sept. 16, 1988), Ottawa App. No. OT-88-2, unreported, 1988 Ohio App. LEXIS 3702, at 3; R.C. 1506.10; see, also, Mitchell v.Cleveland Elec. Illum. Co. (1987), 30 Ohio St.3d 92, 94-95.
For the foregoing reasons, however tragic the facts of the instant case, upon considering appellee's motion for summary judgment and construing the evidence in a light most favorable to appellant, there does not exist a genuine issue of fact for a formal trial. Reasonable minds can come to but one conclusion, which is adverse to appellant. Appellee is entitled to summary judgment as a matter of law. The trial court properly granted appellee's motion for summary judgment. Although the trial court stated several reasons for granting appellee's motion for summary judgment, all that is necessary is one legitimate reason. The trial court correctly determined that, pursuant to R.C. 1533.181, appellee owed no duty to decedent, a recreational user, to keep the premise safe for entry or use. The trial court also correctly concluded that R.C. 2744.02(A)(1) relieved appellee of liability and that the break wall was outside the confines of Township Park.
Appellant's sole assignment of error is without merit. The judgment of the
Ashtabula County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL
O'NEILL, P.J., dissents with Dissenting Opinion, FORD, J., concurs.
[1] Additionally, the trial court overruled appellee's motion to strike certain aspects of appellant's brief in opposition. Specifically, appellee moved to strike appellant's affidavit or paragraphs three, four, and five because appellant was without firsthand knowledge. Appellee also moved to strike the newspaper articles as hearsay and for lack of a proper foundation. Appellee added that the language in appellant's brief in opposition, referencing appellant's affidavit and/or the newspaper articles, should be stricken. Appellant filed a brief in reply to appellee's motion to strike, arguing that the newspaper articles were self-authenticating under Evid.R. 902 and that the information in her affidavit about past drownings was based on the historical research that she conducted.