## COLEMAN v. RENESCH.

*Negligence—Licensee accepts attendant perils—Pedestrian using
pathway across lot at night falls into trench.*

1. R was the owner of a vacant city lot across which a path
connecting two streets extended. The public for a long
period of time had been accustomed at times to use the
path as occasion required, by the sufferance and implied
permission of the owner. The plaintiff, who was familiar
with the path, walked along it at night and was injured
by falling into an open trench, which the owner, who was
proceeding to build a residence on the lot, had caused to
be dug for plumbing purposes. *Held,* that the plaintiff was
a mere licensee, who exercised the license with its attendant
perils, and can not recover.
2. An open trench lawfully constructed, and not concealed except
by the darkness of night, is a danger which a mere licensee
going upon the land must avoid at his peril.

(Decided May 18, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Buchwalter, Headley & Smith,* for plaintiff in error.
*Messrs. Nichols, Morrill, Stewart & Ginter,* for defendant in error.

RICHARDS, J. The defendant, Maude Renesch, was the owner of a vacant lot in the city of Cincinnati, across a portion of which was a more or less beaten path which had been used by members of the public for a long time. People who were traveling on foot and wished to pass from Zumstein avenue to Observatory road, or vice versa, frequently used this pathway as a

short cut, and by so doing avoided a longer route on the public streets. The plaintiff herself, Susan W. Coleman, was familiar with this path, having frequently used it.

On the evening of February 28, 1921, after dark, the plaintiff having occasion to pass from Zumstein avenue to Observatory road, walked along this path, following it first on grounds belonging to the Board of Education, and thence, after passing through a hedge, along the path over the property of the defendant. On the defendant's property she fell into an open trench and was severely injured. The defendant was proceeding to construct a dwelling house on her lot, and this trench had been dug several days before plaintiff's injury, and was intended to be used for plumbing purposes. The trench was from 12 to 14 feet in depth and from 1½ to 2 feet in width, and was not guarded, nor was there any light or sign to warn travelers.

At the close of the evidence offered on behalf of the plaintiff the trial judge directed the jury to return a verdict in favor of the defendant, and this action is assigned as error. The evidence in the case is undisputed, and is not of such a character as would warrant reasonable men in arriving at different conclusions, and the case therefore raises a question of law for the determination of the court.

Clearly the plaintiff was not a trespasser in using this path. There is no evidence that the owner had forbidden the public to use the path, and on the other hand there is no evidence of any invitation to the public to use the same. They did, as occasion required, and with more or less

frequency, use the same by the implied permission of the owner, and the rights of the public in using the path were the rights of persons who use the property of another by sufferance only. The defendant, in causing. the trench to be dug, was acting openly and within the exercise of her lawful rights in proceeding to improve her property.

Courts have not been altogether in harmony as to the liability to respond in damages to those who are injured while upon the premises of another as mere licensees, but since the decision of the Supreme Court in *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, much of the uncertainty has been cleared away, at least in so far as the Ohio courts are concerned. In the case just cited a demurrer to the petition was sustained, and that petition charged that the defendant "permitted, allowed and acquiesced" in the use of the premises by the licensee and others, and the court held that these words implied no inducement, allurement or enticement. The petition in the instant case charges that the defendant permitted the use of the path in question by the public. The evidence as to user goes no further than to establish that fact. The plaintiff then was a mere licensee, and exercised that license subject to its attendant perils and risks, and is held to a knowledge of the law that the owner of property is not bound to make it safe for trespassers, nor even for mere licensees. The decision in the case just cited is not, however, a pioneer case, for the same conclusion was reached in *Ann Arbor Railroad Co.* v. *Kinz,* 68 Ohio St., 210, in which case the facts are almost identical with those in *Han-*

nan, Admr., v. Ehrlich. See also Hargreaves v. Deacon, Admr., 25 Mich., 1. It was held, however, in the Hannan case that the licensor had no right to expose the licensee to hidden dangers, pitfalls or obstructions, and it is urged in the case at bar that the open trench became, after nightfall, a hidden danger and pitfall, and that the plaintiff may recover even within the holding by the Supreme Court in the Hannan case. We do not think the reasoning of the Supreme Court leads to that conclusion, nor that the court so held. In Reardon v. Thompson, 149 Mass., 267, the direct question was before the court, and it was there held that an open hole, which is not concealed otherwise than by the darkness of night, is a danger which a mere licensee going upon the land must avoid at his peril. The same conclusion was reached in Redigan v. Boston & Maine Rd., 155 Mass., 44. The Supreme Court of Michigan decided the same way in Habina v. Twin City General Electric Co., 150 Mich., 41, which case is reported and annotated in 13 L. R. A., N. S., 1126. The cases cited appear to be in accordance with the general trend of authority.

The duty which rests upon a licensee to take his license subject to its concomitant perils still exists when he passes along a path obscured by the darkness of night. Indeed, that darkness but accentuates his perils and risks and is a condition for which the licensor is in no wise responsible.

Counsel for plaintiff in error rely on Carskaddon v. Mills, 5 Ind. App., 22, but the obstruction in that case was a barbed wire, a very dangerous obstruction, and one which might well indicate a desire to cause wilful injury. In the course of

the opinion in that case the court used the following language:

"The case made by the evidence is one of more than mere passive negligence. In that class of cases it is well enough settled that there is no liability to a mere licensee. Thus where the owner of premises inadvertently leaves unguarded a pit, hatchway, trap-door, cistern, or other dangerous opening, and one who is present merely by permission and not by invitation, express or implied, falls into the opening and is injured, he can not recover, as, in such case, he enjoys the license subject to the risks."

The judgment will be affirmed.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.

Judges of the Sixth Appellate District, sitting in place of Judges CUSHING, BUCHWALTER and HAMILTON of the First Appellate District.