ELLIMAN, APPELLEE, *v.* GOMBAR ET AL., APPELLANTS.

(No. 4062—Decided December 7, 1949.)

*Mr. Minor Myers,* for appellee.

*Messrs. Beery, Underwood, Ryder & Kroeger,* for appellants.

DOYLE, J. This action was one to recover damages for personal injuries received from a fall into a hole in the floor of the front porch of the defendants' home.

The claimant of damages, on the evening of August 5, 1947, after dark, went to the home of the property owners for the sole purpose of inquiring of the whereabouts of a friend, "he having known the people who formerly lived in the * * * house, and believed that they still lived there." As he walked across the porch toward the front door, he fell into an excavation which had been made by the owners for the purpose of enabling workmen to get under the porch floor to repair and replace the sills.

In suing the owners and occupiers of the property for his personal injuries, he charged them with negligence in leaving "an unguarded, unlighted, unbarricaded condition, trap or pitfall in the porch floor which was unsafe and known by the defendants to be so, or by the exercise of ordinary care should have been known to be dangerous and likely to cause the injury suffered by the plaintiff."

A jury returned a verdict for the petitioner. This appeal is taken from the judgment thereon entered in the Court of Common Pleas of Summit County.

1. To constitute actionable negligence, there must concur three essential elements—a duty of care, a breach of that duty by a negligent act or omission, and injury naturally resulting therefrom.

2. When reasonable minds can conclude only, from the evidence and all inferences to be drawn therefrom, that a party is a bare licenseee on the premises of another, it becomes a question for the court and not for the jury.

In the case at hand, there is no basis for any finding other than that the claimant was a bare licensee on the premises of the owners, by sufferance only for his own convenience.

In such circumstances, a recovery in favor of the injured person, if sustainable at all, must rest upon the doctrine that *passive* negligence in permitting

"hidden dangers, pitfalls or obstructions" constitutes a breach of a duty that a property owner owes to a bare licensee who comes onto his property for his sole convenience. If passive negligence is a test of liability, it was proper, of course, in the case at hand, for the jury to determine whether a person in the exercise of ordinary care would have protected this uninvited visitor from the dangers of the porch. Certainly, there is no active negligence shown here.

3. The courts of this state have for years adhered strictly to the doctrine pronounced in *Hannan, Admr.*, v. *Ehrlich,* 102 Ohio St., 176, 131 N. E., 504, that the duty of the owners and occupiers of property toward an uninvited visitor who comes thereon solely for his own convenience, is to abstain from inflicting intentional, wilful or wanton injuries upon him, and not to expose such bare licensee to hidden dangers, pitfalls or obstructions.

It is argued by the licensee that the owners of the property exposed him to hidden dangers, pitfalls and obstructions. In this connection, it is interesting to see the comment of the learned Judge Mauck in *Chadwick* v. *Ohio Collieries Co.,* 31 Ohio App., 311, at page 316, 165 N. E., 302:

"* * * * When the *Hannan case* recognizes possible liability for pitfalls and obstructions, we conclude that it means such pitfalls, etc., as are due to the *active* negligence of the licensor, and that a mere failure to do something that might obviate the danger to the licensee creates no liability. The hidden dangers, pitfalls, and obstructions, referred to in the *Hannan case*, that might result in liability to the licensee, consequently mean dangers of that character arising through the active, and not the passive, negligence of the licensor." (Italics ours.)

In connection with this pronouncement of Judge

Mauck, another distinguished former member of the Court of Appeals, Judge Richards, stated in *Coleman* v. *Renesch,* 18 Ohio App., 177, at page 180:

"The duty which rests upon a licensee to take his license subject to its concomitant perils still exists when he passes along a path obscured by the darkness of night. Indeed, that darkness but accentuates his perils and risks and is a condition for which the licensor is in no wise responsible."

In the light of the wisdom which has followed the event, no doubt the owners would now place a warning or barricade in such a position as to put on notice a bare licensee or even a trespasser, of their work in connection with the repair of their own home, but such was not their legal duty under the law in this state when the accident happened.

The trend of the decisions among the various states is to divide those, whose right to enter an owner's premises is derived solely from the owner's consent, into several classes:

First, those who come upon his premises by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him. Invitation may be implied in various ways; for instance, when he enters the premises in the interest or for the benefit of the owners or occupants, as in the performance of a duty, etc.

Second, those commonly called bare licensees, being those to whom he accords his consent out of mere grace, their visit being for their own purely personal purpose.

In so far as the latter class is concerned, Ohio, as well as many other states, charges the owner with the duty only of abstaining from active negligence, as distinguished from passive negligence; for it is as-

sumed that the bare licensee, knowing that the owner has no interest in his visit, and, therefore, cannot be expected to have made special preparations for his coming, will be on the alert to discover for himself the true condition of the premises.

It is the conclusion of the members of this court that the only duty owed the injured person in this case by the owners was to not intentionally, wilfully, wantonly, or, through active negligence, create pitfalls or hidden dangers, or cause such conditions to arise; that reasonable minds could conclude only that this duty was not violated by the property owners; and, that the trial court should, as a matter of law, have arrested the case from the jury and entered a judgment for the defendants, or failing that, should have entered judgment for the defendants *non obstante veredicto*.

The judgment is reversed, and final judgment will be entered for the defendants.

*Judgment reversed.*

STEVENS, P. J., and HUNSICKER, J., concur.