FUEHRER, ADMINISTRATOR, APPELLANT, *v.* BOARD OF EDUCATION OF THE WESTERVILLE CITY SCHOOL DISTRICT, APPELLEE.

[Cite as *Fuehrer v. Westerville City School Dist. Bd. of Edn.* (1991), 61 Ohio St.3d 201.]

(No. 90–1490—Submitted April 23, 1991—Decided July 31, 1991.)

*Rogers & Godbey Co., L.P.A., James D. Godbey* and *George C. Rogers,* for appellant.

*Enz, Jones & LeGrand, Grey W. Jones* and *Belinda S. Barnes,* for appellee.

MOYER, C.J.   Ohio's recreational user statute, R.C. 1533.181, provides as follows:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

"Premises" and "recreational user" are defined in R.C. 1533.18(A) and (B), respectively, as follows:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

In *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793, we held in the syllabus that, under the recreational user statute, a political subdivision of the state could have immunity from tort liability to the same extent as an owner of private land. Therefore, as a political subdivision of the state (see R.C. 2744.01[F]), the property of school districts meets the definition of "premises" under the statute. However, for the reasons that follow, we conclude that Scott was not a recreational user at the time of his death.

This court has previously discussed the definition of a "recreational user" and how a person comes within the parameters of that definition. As we said in *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 115, 537 N.E.2d 1294, 1296–1297: " * * * The existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, the inquiry should focus on the nature and scope of activity for which the premises are held open to the public. The goal is to determine the character of the premises. If the premises qualify as being open to the public for recreational activity, the statute does not require a distinction to be made between plaintiffs depending upon the activity in which each was engaged at the time of the injury. For example, we recognized immunity to the owner of a park (which qualifies as recreational premises), whether the injury is to one who is jogging in the park, tinkering with a model airplane or reading poetry to satisfy a school homework assignment. * * * The essential character of * * * [the park] is that of premises held open to the plaintiff, without a fee, for recreational purposes."

In the instant case, the "essential character" of a soccer field is that of a playing area used to play soccer games. The "nature and scope of activity" in which persons are engaged on a soccer field are much more limited than in a

park. Parks exist for persons to enjoy many different kinds of recreational pursuits. A soccer field exists for one purpose—to play soccer.

Additionally, according to R.C. 1533.18(B), a "recreational user" must enter the premises "to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." The phrase "other recreational pursuits" only applies to activities that are of the same type and kind as those specified. See *Light v. Ohio University* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 167, 502 N.E.2d 611, 613.

Scott and his friends did not come onto the soccer field to engage in any type of recreational pursuit. Once they were on the school premises, they began to play with the soccer goal in a manner for which it was not intended. Roughhousing on a soccer goal is not a recreational activity of the type contemplated by the statute. Nor is it the kind of activity that comports with the essential character of the soccer field. Persons who enter a soccer field on public school property and play with the soccer goal have not entered the premises to engage in a recreational pursuit and, therefore, Scott and his companions were not recreational users under R.C. 1533.18(B), and the board has no grant of immunity pursuant to R.C. 1533.181.

The board also asserts that it is immune from liability since Scott was, at best, a licensee to whom the board had no duty to warn or protect. In *Hannan v. Ehrlich* (1921), 102 Ohio St. 176, 185–186, 131 N.E. 504, 507, we said: " * * * If a person goes upon lands of another by permission and acquiescence for his own pleasure or convenience, and not by invitation, he is classed as a licensee, and exercises the license with the attendant risk and danger. * * * The authorities are in perfect harmony as to the duty owing to a licensee, and it may be generally stated that a licensee takes his license subject to its attendant perils and risks, that the licensor owes him no duty except to refrain from wantonly or wilfully injuring him, and that he should exercise ordinary care after discovering him to be in peril."

In order for Fuehrer to maintain a negligence action against the board, the board first must have owed Scott a duty of care and then must have breached that duty. See *Elliman v. Gombar* (1949), 86 Ohio App. 352, 41 O.O. 382, 91 N.E.2d 801.

Scott was on public school property for his own benefit. He had not been invited there by the school or by the school board. Scott was a licensee and, as such, he entered the premises at his own peril and is owed a duty by the owner of such premises only to refrain from wanton or willful conduct. As a licensee, Scott must take the premises as he found them. The board's only duty to Scott was to "refrain from wantonly or wilfully injuring him." The failure of the board to post a warning that the soccer goal could cause injury

if toppled by a person playing with the goal does not constitute wanton or willful conduct. The board had no such duty to Scott or his companions.

Although Scott's death was a tragic accident, it was not the result of negligence on the part of the board. Consequently, the board is not liable for Scott's death and no material facts remain in dispute. For the reasons stated herein, the granting of the board's motion for summary judgment was proper, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.