OPINION
{¶ 1} Appellant, the city of Willoughby ("the city"), appeals the judgment of the Lake County Court of Common Pleas denying its motion to dismiss filed under Civ.R. 12(B)(6). At issue is whether appellees, on behalf of their decedents Chad Schreibman, Charles Trizza and Sampson Schreibman, properly alleged claims against appellant. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellees allege in their complaint that appellant owns and operates a "lowhead dam" in the Chagrin River near Daniel's Park in Willoughby, Ohio. They allege the dam was built "for purposes that the dam no longer serves and has not served for quite some time."
 {¶ 3} According to the complaint, on May 12, 2002, Chad and Charles entered the Chagrin River in Gates Mills, Ohio, and rafted down the river toward the dam. Appellees allege that use of the river in the area of the dam would expose anyone to a risk of "imminent death" and that this danger was well known to appellant. They allege the city failed to remedy or warn the public about this risk.
 {¶ 4} Appellees allege the current of the river pulled Chad and Charles over the dam, causing both to drown "because of the dam's intended design to create a backwash and recirculation of the water." Appellees allege the city created and maintained an attractive nuisance with regard to the dam, which it knew would cause injury or death to anyone engaged in any activities at or near the dam.
 {¶ 5} Following the death of the two boys, Chad's father Sampson, allegedly grief-stricken over his son's death, took his own life on April 20, 2004, just before the second anniversary of Chad's death. Appellees allege the city intentionally or negligently caused Sampson to suffer emotional distress for which the city is also liable.
 {¶ 6} Appellees assert claims for wrongful death on behalf of the estates of Chad, Charles, and Sampson and survivorship claims on behalf of Sampson's estate, Karen Schreibman, and Charles' parents.
 {¶ 7} Appellant filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Appellant argued it was immune from *Page 3 
liability under R.C. 1533.181 because appellees' decedents were recreational users of municipal land that is held open to the public, free of charge.
 {¶ 8} Appellees opposed appellant's motion, arguing, inter alia, that the recreational user statute only applies to undeveloped land, and that Willoughby's placement of a lowhead dam in the river changed the nature of the river such that the recreational user statute does not apply.
 {¶ 9} In denying appellant's motion, the trial court found that construction of the dam changed the character of the part of the river where the dam was located because the dam was not constructed to encourage the recreational use of this part of the river. The court found the dam made that part of the river inherently dangerous and so not suitable for recreational use. The court thus found appellant was not immune from liability under R.C. 1533.181.
 {¶ 10} The trial court also found that, considering the allegations concerning Sampson Schreibman's suicide as true, as it was required to do under Civ.R. 12(B)(6), appellant was not entitled to dismissal of appellees' claims concerning him.
 {¶ 11} Appellant appealed the trial court's judgment, asserting for its sole assignment of error:
 {¶ 12} "THE TRIAL COURT INCORRECTLY CONCLUDED THAT DEFENDANT WAS NOT IMMUNED [SIC] FROM LIABILITY UNDER OHIO REVISED CODE SECTION 1533.181, OHIO'S RECREATIONAL USER STATUTE."
 {¶ 13} Before addressing the assigned error, we note that, pursuant to R.C. 2744.02(C), the trial court's judgment entry is a final, appealable order. That section provides: "An order that denies a political subdivision * * * the benefit of an alleged *Page 4 
immunity from liability as provided in this chapter or any otherprovision of the law is a final order." (Emphasis added.) Thus, R.C.2744.02 expressly provides that any order that denies a political subdivision the immunity provided in that chapter or any other section of the Revised Code, which would include the recreational user immunity at R.C. 1533.181, is a final order.
 {¶ 14} The Supreme Court of Ohio addressed R.C. 2744.02(C) inHubbell v. City of Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839. The Court held: "When a trial court denies a motion in which a political subdivision * * * seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." Id. at syllabus.
 {¶ 15} In the case sub judice, the trial court, in denying appellant's motion to dismiss under Civ.R. 12(B)(6), expressly found "Defendant City of Willoughby is not immune from liability pursuant to R.C. Sec.1533.181 * * *." While an order denying a motion under Civ.R. 12(B)(6) is typically not a final, appealable order, see State Automobile MutualInsurance Company v. Titanium Metals, 108 Ohio St.3d 540,2006-Ohio-1713, at ¶ 8, the entry here is a final, appealable order because the court made a determination that immunity did not apply. Id. at ¶ 10; City of Zenia, supra.
 {¶ 16} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofComm'rs. (1992), 65 Ohio St.3d 545, 548. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60. *Page 5 
 {¶ 17} In resolving a Civ.R. 12(B)(6) motion, courts are confined to the allegations in the complaint and cannot consider outside materials.State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94.
 {¶ 18} In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "`beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 245, quoting Conley v. Gibson (1957), 355 U.S. 41, 45. As long as there is a set of facts consistent with the plaintiffs complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss. Cincinnati v. Beretta U.S.A.Corp. (2002), 95 Ohio St.3d 416, 418.
 {¶ 19} Civ.R. 8(A), concerning "claims for relief," provides in pertinent part:
 {¶ 20} "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. * * *"
 {¶ 21} Under the rules of notice pleading, Civ.R. 8(A) requires only a short and plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it is based.Patrick v. Wertman (1996), 113 Ohio App.3d 713, 716.
 {¶ 22} "Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal." Leichtman v.WLW Jacor Communications, Inc. (1994), 92 Ohio App.3d 232, 234. Finally, an appellate court's review of a trial court's ruling on a motion to dismiss is de novo. Byrd, supra. Both parties make extensive reference to materials outside the complaint in support of their *Page 6 
respective arguments. Such reference is inappropriate on a motion to dismiss for failure to state a claim and cannot be considered by this court.
 {¶ 23} Appellant argues that it is entitled to dismissal because it is immune from liability pursuant to R.C. 1533.181. In other words, appellant argues that because it has a defense based on recreational user immunity, it is entitled to dismissal. However, a Civ.R. 12(B)(6) motion is directed to the sufficiency of the plaintiffs complaint to set forth a claim for relief. Since a court considering a Civ.R. 12(B)(6) motion is confined to the allegations of the complaint, it cannot consider matters outside the complaint. Thus, unless the complaint on its face demonstrates the existence of a defense that conclusively bars the plaintiffs claim, a Civ.R.12(B)(6) motion based on an affirmative defense cannot result in the dismissal of a complaint.
 {¶ 24} Appellant does not challenge the sufficiency of appellees' various claims for relief, e. g., attractive nuisance, intentional infliction of emotional distress, wrongful death, survivorship. Instead, it argues it is immune from liability pursuant to R.C. 1533.181. That section provides:
 {¶ 25} "(A) No owner, lessee, or occupant of premises:
 {¶ 26} "(1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 {¶ 27} "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 {¶ 28} "(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user. *Page 7 
 {¶ 29} "(B) Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals."
 {¶ 30} "Premises" is defined at R.C. 1533.18(A) as
 {¶ 31} "[A]ll privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person, firm, or organization, including any buildings and structures thereon."
 {¶ 32} "Recreational user" is defined at R.C. 1533.18(B) as:
 {¶ 33} "[A] person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, * * * to enter upon premises to hunt, fish, trap, camp, hike, or swim, * * * or to engage in other recreational pursuits."
 {¶ 34} The Supreme Court of Ohio has held that "[i]n determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." Miller v. City of Dayton (1989), 42 Ohio St.3d 113, paragraph one of the syllabus.
 {¶ 35} The purpose of R.C. 1533.181 is to encourage owners of premises suitable for recreational pursuits to open their land to public use without worry about liability. Moss v. Dept. of Natural Resources
(1980), 62 Ohio St.2d 138. *Page 8 
 {¶ 36} The immunity provided by the recreational user statute is an affirmative defense. Kendrick v. Cleveland Metroparks Bd. OfComm'rs. (1994), 102 Ohio App.3d 739, 740; Goodluck v. City ofFindlay, (Mar.3, 1999), 3d Dist. No. 5-98-36, 1999 Ohio App. LEXIS 951, *4; Sorrell v. State of Ohio, Dep't of Natural Resources (Oct. 8, 1987), 10th Dist. No. 86AP-1173, 1987 Ohio App. LEXIS 9136, *5. As with any affirmative defense, a defendant asserting recreational user immunity as an affirmative defense has the burden to prove it by a preponderance of the evidence. Ginn v. Dolan (1909), 81 Ohio St. 121; Bank of New York v.Jordan, 8th Dist. No. 88619, 2007-Ohio-4293, at ¶ 48; Ford v. Ohio Dep'tof Rehab Corr, 10th Dist. No. 05AP-357, 2006-Ohio-2531, at ¶ 36.
 {¶ 37} One of the required elements of the recreational user immunity defense is that the user was given permission to enter the premises. R.C. 1533.18(B) defines a recreational user as a "person to whom permission has been granted * * * to enter upon the premises [for recreational purposes.]" Thus, pursuant to the statute, permission given to the user to enter the premises is a "condition precedent" to the availability of the immunity conferred by R.C. 1533.181.Sorrell, supra, at *8.
 {¶ 38} The Supreme Court has held that such permission is an element of the statutory defense. Marrek v. Cleveland Metroparks Bd. OfCommrs. (1984), 9 Ohio St.3d 194,198; Moss, supra.
 {¶ 39} In Sorrell, supra, the Tenth Appellate District held that R.C.1533.18 "defines a recreational user as one to whom permission has been granted to enter the premises for recreational pursuits."Sorrell at *10. In that case the court held that the fact that the Department of Natural Resources has promulgated rules restricting the use *Page 9 
of state-owned lakes to specific hours and to those lakes posted as safe for snowmobiling indicates that the state has not granted permission to enter these areas otherwise. Id. at *10-*11.
 {¶ 40} The Supreme Court of Ohio addressed the permission requirement in Fuehrer v. Board of Educ. Of Westerville City School Dist. (1991),61 Ohio St.3d 201. The Court held: "Persons who without permission enter a soccer field on public property and play with the soccer goal have not entered the premises to engage in a recreational pursuit and, therefore, they are not recreational users under R.C. 1533.18(B), and the owner of the premises has no grant of immunity pursuant to R.C. 1533.181." Id. at paragraph one of the syllabus.
 {¶ 41} Thus, in order to prevail on this defense, appellant had the burden to prove that Chad and Charles had permission to enter the area where the dam was located. However, because appellant filed its motion under Civ.R. 12(B)(6), such motion could only be granted if permission was shown in the complaint. There is no such allegation in the complaint, and appellant was therefore not entitled to dismissal under Civ.R. 12(B)(6).
 {¶ 42} We further note that appellees allege in their complaint that the area of the river where the dam is located is not used for recreational purposes and is inherently dangerous. They allege the dam is "treacherous for its danger and ability to take lives." As appellees are entitled to have all inferences drawn in their favor, seeByrd, supra, from these allegations it may reasonably be inferred that they did not have permission to enter the area of the river where the lowhead dam was located. *Page 10 
 {¶ 43} Another element of the recreational user defense is non-payment of a fee or other consideration made to the owner to enter the premises. It is well-settled that a "person is not a `recreational user,' as defined in R.C. 1533.18(B), if he pays a fee or consideration to enter upon `premises' to engage in recreational pursuits." Moss, supra, at paragraph two of the syllabus.
 {¶ 44} Non-payment of a fee or consideration to enter upon the premises is an element of the immunity defense provided at R.C.1533.181. Since a court considering a Civ.R. 12(B)(6) motion to dismiss is confined to the allegations of the complaint, in order for appellant to have been entitled to dismissal, the complaint would have to have alleged that the decedents did not pay a fee or other consideration to the owner to enter the premises. There is no such allegation in the complaint and for this additional reason, appellant was not entitled to dismissal. (Emphasis omitted).
 {¶ 45} Next, appellant argues the trial court incorrectly applied the Supreme Court's decision in Miller v. City of Dayton (1989),42 Ohio St.3d 113 to this case in holding that the dam was not protected by recreational use immunity. The Court in Miller explained the test to be followed in determining whether man-made improvements affect the availability of the recreational user immunity. The Court held:
 {¶ 46} "Generally speaking, recreational premises include elements such as land, water, trees, grass, and other vegetation. But recreational premises will often have such features as walks, fences and other improvements. The significant query is whether such improvements change the character of the premises and put the property outside the protection of the recreational-user statute. To consider the question from a different perspective: Are the improvements and man-made structures consistent with *Page 11 
the purpose envisioned by the legislature in its grant of immunity? In other words, are the premises (viewed as a whole) those which users enter upon `* * * to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits?'
 {¶ 47} "* * *
 {¶ 48} "* * * [T]he inquiry should focus on the nature and scope of activity for which the premises are held open to the public. * * *" Id. at 114-115.
 {¶ 49} In considering a Civ.R. 12(B)(6) motion to dismiss, the only issue for the trial court to consider is whether the plaintiffs complaint states a claim, viewing the allegations as true and all inferences in a light most favorable to him. Because the complaint alleged the premises were inherently dangerous and exposed any user to the risk of imminent death, appellees were entitled to the reasonable inference that the dam was not installed for recreational pursuits.
 {¶ 50} Based on the allegations of the complaint, the trial court in its judgment entry found "the lowhead dam was clearly created for purposes other than to draw rafters * * * onto the river." It found that "the construction of the lowhead dam changed the character of this portion of the river, and that this improvement is not consistent with the purpose of Ohio's Recreational User statute * * *." The court found the creation of the dam was not an improvement that was made to encourage the recreational use of this part of the river. Instead, the court found it made that part of the river inherently dangerous and thus not suitable for recreational use.
 {¶ 51} The trial court's findings are limited to the court's ruling on appellant's motion to dismiss. Since these findings are based on the allegations of the complaint, *Page 12 
they have no binding effect on the merits of the case, which may only be determined by the evidence.
 {¶ 52} Based on our thorough review of the complaint, we hold that appellees' claims were properly pled. We further hold that appellant's immunity defense is not supported by the allegations of the complaint.
 {¶ 53} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J., concurs in judgment only, DIANE V. GRENDELL, J., dissent with Dissenting Opinion.