[Cite as *Niepsuj v. Stoner*, 2015-Ohio-4564.]

**IN THE COURT OF APPEALS**

**NINTH APPELLATE DISTRICT**

**SUMMIT COUNTY, OHIO**

| | | |
|---|---|---|
| VINCENT M. NIEPSUJ, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 27734** |
| TRACY STONER, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Summit County Court of Common Pleas.
Case No. CV 2014 10 4759.

Judgment: Affirmed.

*Vincent M. Niepsuj*, pro se, 400 West Ave., Suite A 1, Buffalo, NY 14224 (Plaintiff-Appellant).

*Sherri Bevan Walsh*, Prosecuting Attorney, and *Heaven Dimartino*, Assistant Prosecuting Attorney, Summit County Safety Building, 53 University Ave., 6th Floor, Akron, OH 44308 (For Defendant-Appellee Tracy Stoner).

*Brian M. Spiess*, Montgomery, Rennie & Johnson, 36 East Seventh Street, Suite 2100, Cincinnati, OH 45202; *Kimberly Riley*, Montgomery, Rennie & Johnson, 14701 Detroit Avenue, Suite 555, Cleveland, OH 44107 (For Defendants-Appellees John P. Quinn and Carol J. Dezso).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Vincent M. Niepsuj, appeals the judgment of the Summit County Court of Common Pleas, which granted the motions to dismiss his amended

complaint filed by appellees, Magistrate Tracy Stoner, Judge John Quinn, and Judge Carol Dezso. For the following reasons, we affirm the decision of the court below.

{¶2} On October 20, 2014, appellant filed a complaint against Magistrate Stoner. On November 21, 2014, appellant filed an amended complaint, adding Judge Quinn and Judge Dezso as defendants. The amended complaint alleged violations of 42 U.S.C. §1983, R.C. 2305.09(D), and R.C. 2305.10, stating appellees "are individually responsible for compensatory and punitive reparations under the above captioned * * * laws within a companion underlying context of legal fraud and intentional misrepresentation."

{¶3} Appellees filed motions to dismiss appellant's amended complaint: Magistrate Stoner filed individually, and Judge Quinn and Judge Dezso filed jointly. On February 23, 2015, the trial court issued a judgment entry granting the motions to dismiss, stating: "(1) plaintiff fails to sufficiently plead a claim against the [defendants,] (2) plaintiff's claims against the judges may not be raised in a collateral action seeking to alter domestic court proceedings, and (3) the [defendants] are absolutely immune from plaintiff's claims for damages."

{¶4} Appellant filed a timely notice of appeal from this entry and raises four assignments of error:

> [1.] The Trial Court erred in granting dismissal and abused its discretion by not considering—in fact ignoring—that Magistrate Stoner was not a bona fide magistrate at the time of the April 13, 2011 CPO 'full evidentiary hearing' in the Domestic Relations Court, as she was not sworn in per ORC 3.21 and ORC 3.22.
>
> [2.] The Trial Court erred in granting dismissal and abused its discretion by not entertaining a jurisdictional consideration of whether any Court officer has any qualifications or authority to diagnose what is essentially a mental illness (trauma) particularly

2

without observing the persons deemed to be so afflicted, and particularly in what seems to be quasi-criminal Civil Protection Order Proceeding enveloping the high burden of PROOF criminal statute RC 2903.211.

[3.] The Trial Court erred in granting dismissal and abused its discretion in not considering the Claim against Appellee Stoner in terms of any theory of Fraud or Negligent Misrepresentation.

[4.] The Trial Court erred in granting dismissal and abused its discretion in supporting the Appellees'/Defendants' contention that Appellant's cure lay in the appeal process, alone, particularly when the Appellate Court ruled in CA 26015 (on December 4, 2012) that Appellee Dezso didn't have jurisdiction to rule (October 19, 2012) on Appellant's (June 10, 13 2011) Motion to Vacate in Summit County case DR 2011-04-0968.

{¶5} An appellant carries the burden of affirmatively demonstrating error on appeal. *Snype v. Cost*, 11th Dist. Portage No. 2012-P-0001, 2012-Ohio-3892, ¶6, citing *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549 (1944) and App.R. 9. An appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).

{¶6} Pursuant to App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994; *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831. "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." *Harris*, *supra*, ¶15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). If there is an argument that

3

can support an appellant's assignments of error, "'it is not this court's duty to root it out.'" *Id.*, quoting *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 & 18673, 1998 Ohio App. LEXIS 2028 (May 6, 1998).

{¶7} In his brief on appeal, appellant's assignments of error are largely indecipherable, and he has not cited to any portion of the record at hand to support his assigned errors. Further, appellant does not rely on any relevant legal authority; rather, he supports his disjointed arguments with emotionally charged annotations of trial court proceedings held not only in this action, but in many others within the last fifteen years, and with exhibits that were not before the trial court. We are therefore permitted, under App.R. 12(A)(2), to disregard appellant's assignments of error.

{¶8} At oral argument, appellant acknowledged that he really has no claim against Judge Quinn and Judge Dezso. Therefore, his continued pursuit of litigation against them does not appear to be in good faith. Appellant indicated his primary complaint is against Magistrate Stoner due to some alleged defect in the administration of her oath.

{¶9} When a trial court is presented with a Civ.R. 12(B)(6) motion to dismiss, "[t]he factual allegations of the complaint and items properly incorporated therein must be accepted as true." *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280 (1995) (citations omitted). We review a trial court's ruling on a Civ.R. 12(B)(6) motion de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶5. Therefore, our scrutiny is limited to the "four corners" of appellant's amended complaint and any items properly incorporated therein.

4

{¶10} Initially, we note that appellant filed multiple exhibits with this court, stating "the following exhibits were brought to the attention of the [Domestic Relations] Court." Not only are these exhibits irrelevant to the proceedings at hand, they were also not incorporated into appellant's amended complaint. We are therefore not permitted to consider these exhibits.

{¶11} Further, appellant does not argue or otherwise establish how a defect in the administration of Magistrate Stoner's oath would establish a cause of action in his favor. In fact, the law appellant does cite actually supports the magistrate. R.C. 3.22 states, in pertinent part: "Each person chosen or appointed to an office under the constitution or laws of this state, and each deputy or clerk of such officer, shall take an oath of office before entering upon the discharge of his duties. The failure to take such oath shall not affect his liability * * *." Therefore, accepting as true appellant's allegation that there was a defect in the administration of the oath, Magistrate Stoner does not lose immunity and is not liable to appellant for any such failure. In addition, appellant does not allege any defect with Magistrate Stoner's *appointment* under Civ.R. 53(A). As a result, there is no set of facts consistent with appellant's amended complaint that would allow him to recover. *See Huffman v. Willoughby*, 11th Dist. Lake No. 2007-L-040, 2007-Ohio-7120, ¶18.

{¶12} Pursuant to App.R. 12(A)(2) and the opinion of this court, appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

{¶13} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into

5

execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

{¶14} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

{¶15} Costs taxed to appellant.


_____
PRESIDING JUDGE TIMOTHY P. CANNON
Eleventh Appellate District,
Sitting by Assignment.


CYNTHIA WESTCOTT RICE, J.,
Eleventh Appellate District,
Sitting by Assignment,

THOMAS R. WRIGHT, J.,
Eleventh Appellate District,
Sitting by Assignment,

concur.