## Dowdell v. Eastlake
### [Cite as 6 AOA 333]

*Case No. 89-L-14-121*
*Lake County, (11th)*
*Decided August 10, 1990*

*Gary D. Zeid, 6101 Andrews Road, Mentor, Ohio 44060, for Plaintiffs-Appellants.*

*Theodore R. Klammer, 8451 Mentor Avenue, Mentor, Ohio 44060, for Defendant-Appellee, City of Eastlake.*

CHRISTLEY, P.J.

This is an accelerated calendar case.

The Bruce Yee Memorial Park is an outdoor complex owned and operated by appellee, the City of Eastlake. The park has a number of facilities, including a picnic area, playground, and baseball diamond. This latter facility is commonly known as the Bruce Yee Field.

During the summer months, the baseball diamond is primarily used by four softball leagues. The adult leagues pay a yearly fee to use the diamond and the surrounding structures, which include the lights, dugouts, and press box. Other groups, including the local youth softball league, also use the diamond periodically; however, these groups are not charged a fee. In addition, individual members of the public can use the diamond for free, upon requesting a permit from appellee's recreation department.

On July 9, 1988, appellants, Thelma and Richard Dowdell, attended a youth softball game at Yee Field. As was customary, spectators paid no admission fee. Upon arriving at the diamond, Thelma decided to sit-in the press box. While ascending the stairs leading to the second level of this structure, Thelma lost her balance and fell backwards. As a result of this fall, she suffered a number of serious injuries.

In January 1989, appellants initiated an action against appellee in the Lake County Court of Common Pleas. The complaint essentially alleged that appellee had been negligent in the design, construction, planning, and maintenance of the stairway. For relief, appellants sought a total of $750,000 covering Thelma's injuries and Richard's loss of society and companionship.

After appellee had filed its answer, the trial court granted appellants' motion to amend their complaint. Under this complaint, appellants asserted claims against the designer of the press box and the general contractor. At that time, the identities of these additional defendants were unknown. However, their identities were ultimately established during the course of discovery.

Upon filing a second answer, appellee moved the trial court for summary judgment. As grounds for the motion, appellee maintained that it was immune from liability under R.C. 1533.181, since Thelma had been a "recreational user" of the park on the day of the accident. In support, appellee attached the affidavit of the recreation director, who stated that Thelma had not been charged a fee to attend the softball game.

In their brief in response, appellants argued that the immunity statute was inapplicable in this instance, since the baseball field was technically not open to the public free of charge. Attached to the response was the affidavit of appellant Thelma, in which she essentially restated

the basic facts of the accident. In appellants' memo contra summary judgment, reference is made to specific pages of various depositions which were filed with the court in this matter.

After appellee had filed a reply brief, the trial court granted summary judgment and dismissed appellants' complaint. In its judgment entry, the trial court did not refer to the claims against the designer and general contractor.

Approximately twenty-seven days following the entry of this judgment, appellants filed a timely notice of appeal with this court. On that same date, appellants also moved the trial court to reconsider its decision dismissing their complaint. Specifically, appellants requested that their complaint be reinstated as to the general contractor. Six days later, the trial court issued a *nunc pro tunc* order granting appellants' request. In this same entry, the court also found that there was no just cause for delay.

Before this court, appellants now advance the following assignment of error:

"The trial court erred to the prejudice of the Plaintiffs-Appellants in granting Defendant-Appellee, City of Eastlake's motion for Summary Judgment."

As noted earlier, appellee argued in its motion for summary judgment that it was immune from liability under R.C. 1533.181, exemptions from liability to recreational users. This statute seeks to encourage the use of privately-held land for recreational purposes:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

As can readily be seen from the wording of the provision, the terms "premises" and "recreational user" are of critical importance. These terms are defined in R.C. 1533.18:

"As used in sections 1533.18 and 1533.181 [1533.18.1] of the Revised Code:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, *without the payment of a fee* or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." (Emphasis added.)

Although the definition of "premises" only refers to privately-held land, the Supreme Court has expressly held that the provisions of R.C. 1533.181 are applicable to land owned by the state or a municipality. *Johnson v. New London* (1988), 36 Ohio St. 3d 60.

Under their sole assignment, appellants maintain that the trial court erred in granting summary judgment in favor of appellee on the immunity issue. Appellants submit that the statute does not apply in this instance, arguing that appellant was not a recreational user when she attended the softball game at Yee Field. This contention is based upon the fact that, by ordinance, the four adult leagues which are the primary users of the field had to pay a yearly fee for lights and maintenance.

"969.05 BRUCE YEE FIELD FEE FOR LIGHTS AND FIELD MAINTENANCE. There is hereby established, yearly fee for use of the lights and field maintenance at Bruce Yee Park. This fee shall be applicable to everyone using the field with the exception of the City sponsored youth athletic groups and Recreation Department sponsored special events. The fee for use of the lights and field maintenance shall be as follows:

"Eastlake Sunday Morning
Men's League $300.00 per year.
Eastlake Men's Twilight $300.00 per year League
Eastlake Women's $600.00 per year.
Softball League
Eastlake Bruce Yee's
Men's League $600.00 per year."
(Ord. 1985-084. Passed 5-14-85.)

In response to this argument, appellee points to the language in the definition of a recreational user, which states that the person must be allowed to enter upon the premises without having to pay a fee. As appellee correctly notes, the Supreme Court has held that the term "fee" in the definition refers exclusively to entry or admission fees. See, *Moss v. Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138. Appellee contends that appellants are erroneously at-

tempting to label the fee which the leagues pay to use the diamond as an admission fee.

However, appellee has misinterpreted appellants' argument. Appellants are actually contending that the fact that the leagues have to pay a fee to use the diamond shows that the field is not open to the public. Thus, appellants contend that the land is not covered by the statute. We disagree.

*Moss* also points out that all fees are not the same as the admission or entrance fee contemplated by the statute. There is no conflict or issue as to whether the "person" of appellants paid a fee "to enter" the premises. Because Ordinance No. 969.05, shows that fees were charged to certain leagues for yearly light and field maintenance costs does not change the fact that individual "persons" were never charged for admission to the park. Nor does the ordinance apply to any other aspect of the Bruce Yee Memorial Park except the Bruce Yee Ball Field.

While the Supreme Court has expressly held that a person is not a recreational user if he has to pay a fee, it has also held that the statute is not applicable unless the land possesses certain qualities. In *Miller v. Dayton* (1989), 42 Ohio St. 3d 113, the court stated:

"In determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." *Id.* at 114.

This is consistent with *Moss* and its pronouncement that the statutorily contemplated fee is one which is "a charge necessary to utilize the *overall* benefits of a recreation area *** ." *Id.* at 142.

The prime example of premises which do not come within the statute is contained in *Light v. Ohio Univ.* (1986), 28 Ohio St. 3d 66. In that case, the injury occurred in a gymnasium at a state university. Despite the fact that the gym was open to the public and a fee was not charged, the court held that the injured party was not a recreational user under the statute as working out in a gym had little to do with the conservation of natural resources. The court emphasized that the activities done in the gym were not similar to those which were listed in the definition of a recreational user.

Appellants' insistence that there are "factual conflicts" is misplaced. The facts are not in conflict. It is the legal significance of those facts which is at issue. The undisputed facts set forth in the summary judgment exercise were that Thelma did not pay a fee; the teams she came to watch did not pay a fee; some adult leagues/teams do pay a yearly fee for use of the ball field portion of the park; the park has other multiple undisputed recreational uses. The only controversy was, did the applicable facts result in appellant, Thelma Dowdell, being considered a "recreational user" or not? That conflict was a question of law, not fact.

Under these circumstances, summary judgment for appellee was appropriate. As Civ. R. 56(C) states, summary judgment should be granted if no genuine issue of fact remains.

Judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, J., and PRYATEL, J., concur.

PRYATEL, J., retired, sitting by assignment.