[Cite as *Thomas v. Chimera*, 2021-Ohio-4204.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRYNN S. THOMAS, et al.

      Appellants/Cross-Appellees

-vs-

CAROLYN CHIMERA, et al.

      Appellees/Cross-Appellants

JUDGES:
Hon. Craig R. Baldwin, P. J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 2021CA00016

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2020CV00160 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 29, 2021 |


APPEARANCES:

For Appellants/Cross-Appellees

A. JAMES TSANGEOS
1810 36th Street, NW
Canton, Ohio 44709-2739

For Appellees/Cross-Appellants

MERLE D. EVANS, III
BRANDON O. TRENT
MILLIGAN PUSATERI CO., LPA
Post Office Box 35459
Canton, Ohio 44735

*Wise, J.*

**{¶1}** Appellants, Brynn Thomas, Dawn Thomas, and Michael Thomas, appeal from the January 29, 2021, Judgment Entry by the Stark County Court of Common Pleas. Appellees are Walter Wolosiansky and Sara Wolosiansky. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND CASE**

**{¶2}** Appellee Sara Wolosiansky owns a speech pathologist practice. Carolyn Chimera ("Co-defendant") and Appellee Walter Wolosiansky work at the practice.

**{¶3}** On July 27, 2014, Co-defendant held a birthday party for her daughter on property owned by Appellees located at 674-678 East Caston Road, Uniontown, Ohio ("the property"). The property is made up of multiple parcels and includes a multi-occupancy home, a volleyball court, a zipline, food shelter, cornhole equipment, and a pond.

**{¶4}** The zipline was built by Appellee Walter Wolosiansky. It was twelve to fifteen feet above the ground and did not have a safety harness. Walter Wolosiansky had no experience or training installing ziplines, is not a member of any association relating to ziplines, is not familiar with industry standards, had no formal instruction on how to install or use the zipline, and was unaware ziplines had safety harnesses.

**{¶5}** In order to use the zipline, the rider has to climb a tree to a platform, hold onto the handle bar, step off the platform, and travel until the handlebar hits a stopper. The rider will then fall into the pond.

**{¶6}** Co-defendant, with permission of Appellees, invited a few of her daughter's friends to the party and intended to participate in the activities, including ziplining, available on the property. The attendees were between fourteen and sixteen years old.

**{¶7}** Appellant Dawn Thomas noted in her deposition that she drove Brynn Thomas to the party. Co-defendant never informed her that Brynn would be ziplining at the party, only that the girls would be playing volleyball and swimming.

**{¶8}** Co-defendant was the only adult supervising the use of the zipline. Appellant Brynn Thomas has never ziplined before and watched two attendees use the zipline prior to her attempt. In her deposition, Brynn Thomas noted she was too short to correctly hold onto the handle bars, so she held onto a spot without grips. When she went down the zipline, the zipline made a snapping sound, and she fell off the zipline. She landed on the ground before the pond.

**{¶9}** After her fall, Brynn stayed at the party and played volleyball. In the days following, she experienced pain in her knee and leg. She had three surgical procedures, multiple diagnostic imaging, physical therapy, chiropractic treatment, and prescription medication. The treatment cost over $65,000.

**{¶10}** After the accident Appellees replaced the zipline with new equipment. The replacement took place between June of 2017 and summer of 2018 before Appellees received service of the complaint.

**{¶11}** Appellants filed suit against Co-defendant and Appellees alleging negligence, recklessness, and/or intentional conduct, loss of consortium by Dawn and Michael Thomas, and spoliation against Appellees.

**{¶12}** Co-defendant and Appellees filed a motion for summary judgment, arguing there were no questions of material fact, and that they were entitled to judgment as a matter of law on all counts of the Plaintiff's Complaint. The trial court denied Co-defendant's motion, finding there were questions of fact as to whether Co-defendant recklessly supervised the zipline activity, and granted Appellees' motion finding they were immune from liability under the recreational user statute, and that Appellees did not have knowledge of pending or probable litigation

## ASSIGNMENTS OF ERROR

**{¶13}** Appellants filed a timely notice of appeal and herein raises the following two Assignments of Error:

**{¶14}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT OHIO'S RECREATIONAL USER STATUTE, R.C. 1533.181, PROVIDED IMMUNITY TO THE WOLOSIANSKYS FOR THE INJURIES SUFFERED BY BRYNN THOMAS ON THEIR PROPERTY.

**{¶15}** "II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE CLAIM OF SPOLIATION AS QUESTIONS OF FACT EXIST AS TO WHETHER THE WOLOSIANSKYS HAD NOTICE OF POTENTIAL LITIGATION AND THEIR INTENT WHEN DISPOSING OF THE ZIPLINE."

**{¶16}** Appellees herein raise the following three Cross-Assignments of Error:

**{¶17}** "I. THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO APPELLEES BASED UPON THE STATUTE OF LIMITATIONS.

**{¶18}** "II. THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO APPELLEES BASED UPON THE DOCTRINE OF PRIMARY ASSUMPTION OF THE RISK.

**{¶19}** "III. THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO APPELLEES ON APPELLANTS' PREMISES LIABILITY CLAIM, ON THE ADDITIONAL GROUNDS THAT APPELLANT BRYNN THOMAS WAS, AT BEST, A LICENSEE AND THERE WAS NO EVIDENCE OF ANY "WILLFUL, WANTON, OR RECKLESS CONDUCT WHICH IS LIKELY TO INJURE" HER BY THE APPELLEES."

### Standard of Review

**{¶20}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶21}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶22}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**I.**

**{¶23}** In Appellant's First Assignment of Error, Appellant argues the trial court erred by granting Appellee's Motion for Summary Judgment as they are immune from liability under Ohio's Recreational User Statute. We disagree.

**{¶24}** The recreational user statute, R.C. 1533.181, states:

(A)     No owner, lessee, or occupant of premises:

(1)     Owes any duty to a recreational user to keep the premises safe for entry or use;

(2)     Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

(3)     Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.

(B)     Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the

premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals.

**{¶25}** Appellant argues immunity provided under R.C. 1533.181 (A) does not apply as, the property is residential, the zipline does not constitute a building or structure, Brynn Thomas was not a recreational user, and because the injury was not caused by a defect in the premises.

**{¶26}** To determine if property is residential or nonresidential the "analysis should focus on the character of property upon which injury occurs and type of activities for which property is held open to public use." *Miller v. City of Dayton*, 42 Ohio St.3d 113, 537 N.E.2d 1294 (1989). This character must include the typical elements of recreational areas "such as land, water, trees, grass, and other vegetation." *Id.*

**{¶27}** In the *case sub judice*, Appellees rent out the residence, a duplex, located on the property. The residence is located on a separate parcel of land than the pond and zipline. Appellees made use of the pond and zipline many times while the residence was rented. The character of the parcel of property containing the zipline and pond are clearly being used for recreational activities not associated with the residence on a different parcel of land. Therefore, the property on which the zipline and pond sits is nonresidential property.

**{¶28}** The term "premises" is defined as "all privately owned lands, ways, and waters, and any buildings or structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person, firm, or organization, including any buildings and structures thereon." R.C. 1533.18.

**{¶29}** Appellant argues the definition of "structure" in R.C. 1521.01 should be applied. This definition states, "a walled and roofed building, including, without limitation, gas or liquid storage tanks and manufactured homes." However, R.C. 1521.01 clearly indicates the definitions contained therein should only apply to chapter 1521, and the legislature did not extend these definitions to chapter 1533.

**{¶30}** In *LiCause v. City of Canton*, 42 Ohio St.3d 109, 537 N.E.2d 1298 (1989), the State of Ohio Supreme Court found a cable strung between two light poles in a park sufficient to be considered a structure within the meaning of R.C. 1533.18.

**{¶31}** In the case *sub judice*, the zipline system is a platform, affixed to a tree, with a cable running between two trees. The system had been in place since 2010 and was not portable/movable. As such, the zipline system is a structure for the purposes of R.C. 1533.18.

**{¶32}** Appellant next contends that Brynn Thomas was not a recreational user. "Recreational user" is defined as "a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises … to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits." R.C. 1533.18.  Appellant agrees no fee was paid by Brynn to attend the party; however, they argue Appellees received some benefit from Brynn's attendance. "Consideration should not be deemed given under R.C.1533.18(B) unless it is a charge necessary to utilize the overall benefits of a recreational area so that it may be regarded as an entrance or admittance fee." *Moss v. Dep't of Natural Resources*, 62 Ohio St.2d 138, 142, 404 N.E.2d 742 (1980).

**{¶33}** In *Moss v. Dep't of Natural Resource*, Appellant's bought food, gas, and rented a canoe at the park, but did not pay an entrance fee. *Id.* The court held this did not constitute consideration under R.C. 1533.18(B). *Id.*

**{¶34}** In the case *sub judice*, Brynn paid no entrance fee. She was an invited guest of Defendant Chimera. Chimera did not pay a fee to Appellees for use of their property, but was granted permission by Appellees as a favor. Appellants' contention that maintaining a close relationship between Chimera and Appellees is consideration for use of the premises is without merit.

**{¶35}** Finally, Appellants argue that immunity under R.C. 1533.181 should not be granted because the injury was not a result of a defect in the premises. This appears to be a rehash of the argument that the zipline should not be considered a structure. Appellant argues Appellees should be liable because of defects in the zipline structure system such as overgrowth of vegetation into the zipline system and slippery coating in the middle of the handle bar. These directly relate to the owner's duty to keep the premises safe for use. As such Appellees are immune from liability under Ohio's Recreational User Statute. Appellant's argument is without merit.

**{¶36}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶37}** In Appellant's Second Assignment of Error, Appellant argues the trial court erred in granting summary judgment in favor of Appellees on the issue of spoliation. We disagree.

**{¶38}** The tort of spoliation was first recognized by the Supreme Court of Ohio in *Smith v. Howard Johnson Company, Inc.*, 67 Ohio St.3d 28, 29 615 N.E.2d 1037 (1993):

A cause of action exists in tort for interference with or destruction of evidence; (2a) the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts; (2b) such a claim should be recognized between the parties to the primary action and against third parties; and (3) such a claim may be brought at the same time as the primary action.

**{¶39}** "Speculation and allegations that evidence was willfully destroyed so as to disrupt a party's case will not suffice to create a genuine issue of material fact that precludes summary judgment." *Widok v. Estate of Wolf*, 8th Dist. Cuyahoga No. 108717, 2020-Ohio-5178, ¶122.

**{¶40}** After the incident and before Appellees were notified of pending litigation, Appellees replaced the zipline system. They did not retain the old one. During depositions Appellees indicated they had no notice of pending litigation from either Appellants or Co-defendant Chimera. Appellants provided no evidence that Appellees had knowledge of pending or probable litigation when they replaced the zipline system. Since mere allegations and speculation of knowledge is insufficient and viewing all the evidence in the light most favorable to Appellants, they have failed to show Appellees willfully destroyed evidence with knowledge of pending or probable litigation.

**{¶41}** Appellant's Second Assignment of Error is overruled.

**{¶42}**  Given our disposition of Appellant's Assignment of Errors, Appellee's Cross Assignments of Error are rendered moot.

**{¶43}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.

JWW/br 1119